## WILLIAM F. MASON v. J. M. STEWART.

Where, from the circumstances, a party must be presumed to have had knowledge of a
judicial proceeding against him, and for years made no objection to the authority of the
attorneys at law who represented him, he will not be permitted to avoid the legal effects
of that proceeding,upon his affidavit denying the authority of the attorneys who represented
him.

APPEAL from the District Court of Franklin, *Barry*, J. *McGuire* and *Ray*, for plaintiff, contended: The only questions raised by the defendants in the court below, were: First, that the partnership of *Stewart* and *Grayson* was not a commercial one; or, if it was, that the note sued on was given for the use of it. Second, that the note is barred by the prescription of five years.

1st. The testimony of *Grayson* proves, that the commercial partnership of *Stewart* and *Grayson* existed at the time the note was executed, and the partnership signature to the note is strong *prima facie* evidence that it was for a partnership transaction; besides, the mortgage executed in favor of *Stokes*, the payee, on the 12th March, 1840, to secure the payment of this note, recites the partnership and the existence of this note as a partnership debt. The general denial admits the signature to the note, as alleged in plaintiff's petition; that allegation is, that the commercial partnership made the note by signing their partnership name, *Stewart* and *Grayson*; besides, this partnership is proved by all the witnesses to have been a commercial one; and there is no allegation of defendant, or pretence of proof to the contrary, to create a doubt on the subject. Story on Part. § 102, 107. Commercial partners are bound *in solido*. 12 L. R. 232. 4 L. R. 49, 50.

2d. The note sued on fell due the 1st January, 1842, and the citation in this case was served on defendant on the 27th October, 1848. It was, therefore, barred by the prescription of five years, unless plaintiff shows an interruption of prescription, within five years from the service of citation in this case. In order to show an interruption of prescription, plaintiff introduced the record of a suit of *William F. Mason* v. *Stewart* and *Grayson*, instituted in Caldwell parish, on the 14th of November, 1843, on the note sued on in this case; in which case *Stewart*, defendant in the case now before the court, appeared by his counsel, *Garrett* and *Sharp*, and filed an answer on the 7th December, 1843. The record of this suit was offered and received in evidence, without objection.

After plaintiff had closed his evidence on the trial of this case, defendant offered in evidence his own affidavit, denying that he ever authorized any attorney to appear for him in the case of *William F. Mason* v. *Stewart* and *Grayson*; and, particularly, that the answer filed by *Isaiah Garrett*, as attorney for him, on the 2d December, 1843, was authorized by him. Plaintiff objected to the reception of this affidavit in evidence, but the court received it, and the plaintiff reserved a bill of exceptions. Before noticing the points raised in the bill of exceptions, we would ask the attention of the court to the facts pertinent to this point, disclosed by the record. This suit is based on the original note of $1420, and not on the record of the suit in Caldwell parish. Before this case was put at issue, defendant filed a prayer of oyer on the 4th December, 1848, which plaintiff answered on the same day, by filing the entire record of the suit from. Caldwell parish, as will appear by a statement of the facts contained in the bill of exception; afterwards, at the next term of court, 31st May, 1849, defendant filed his answer. On the 28th November, 1849, more than a year after the answer to the prayer of oyer had been filed, including the Caldwell suit, defendant made the affidavit given in evidence, but it was not communicated to the opposite party, nor filed in the case, until the case was on trial on the 20th November, 1850, a year after it had been sworn to, and two years after defendant had been apprised of plaintiff's intention of using the suit from Caldwell parish in evidence.

The grounds of objection to defendant's affidavit, as contained in plaintiff's bill of exceptions, are: 1st. That a party to a suit could not be allowed to make evidence for himself, nor be a witness in his own cause on the trial. 2d. That

no allegation was made in the answer that the counsel were not authorized to appear in the case from Caldwell parish, although there was full notice given in answer to the prayer of oyer, that this suit was to be used as evidence for plaintiff. 3d. That the law only authorizes defendant to deny, under oath, the authority of counsel who appears for him in a case, wherein the record containing such, is alleged on by plaintiff. 4th. That allowing the affidavit on the trial, was taking the plaintiff by surprise.

These objections may properly be considered all together. It seems to be well settled by the uniform decisions of our court, that when a duly licensed attorney at law brings a suit, his authority to do so cannot be questioned by the opposite party, unless sufficient grounds be stated, under oath, to support the plea; and this objection is always made in the pleadings, and is in the character of a plea in abatement. 4 R. R. 25. 9 M. R. 88. 10 Ib. 638. It also seems to be well settled, that an attorney's authority to acknowledge service of citations, petitions or rules, and his appearing to defend suits, will be presumed unless denied, under oath, by the person for whom he acts. This denial, in all the cases reported in our books, is made in the pleadings, in some shape or other, before the trial. 8 N. S. 232 to 236. 2d Ann. 840. 4 Ib. 247. C. P. 177. 10 L. R. 193. As to service of citation of appeal, see 1st Ann. 398. Ib. 258. 12 R. R. 97.

When the record or judicial proceedings in which the attorney has appeared, is made the foundation of plaintiff's suit, or referred to in his petition, there can be no doubt but that defendant, if he deny the authority of the attorney who appeared for him in such record, he must do so in his pleading, and make the necessary oath as part of his pleading, in order to put plaintiff on proof of the attorney's authority. In the case before the court, we contend, that although the suit in Caldwell parish, in which the attorney appeared for *Stewart*, was not set forth in plaintiff's petition, yet it was produced and filed in answer to defendant's prayer of oyer, and was on file in the case when defendant filed his answer; he was, therefore, bound to notice it, and was thereby notified that plaintiff would use it in evidence. This is a much stronger case than that of *Thompson v. Milne*, 4th Ann. 208. But defendant did not notify plaintiff at any time, either by the pleadings or otherwise, that he would deny the authority of the attorney until plaintiff had closed his evidence on the trial of this case. Under such circumstances, it was then too late to present the affidavit creating that issue. We look on the affidavit, not in the character of evidence to be produced on the trial, but as a part of the pleading, creating an issue and shifting the burthen of proof. To allow this affidavit as evidence on the trial, would be a violation of that rule of evidence that a party in interest in a suit, cannot be allowed to be a witness in the case, on the trial, or to make evidence in any way. We think the affidavit ought to have been rejected, and the legal presumption, that the attorney was authorized, ought to have been allowed its full force.

In the case of *Ducton v. Noyes*, 6 Johnson's N. Y. Reports, 300, the question was very fully discussed by Kent, C. J. in delivering the opinion : Whether, if an attorney of the court appears for the defendant, to a writ which had been sued out, but not served, and he, afterwards, confess judgment without having been employed or authorized by the defendant, it would be binding on the defendant; and the court held, Van-Ness dissenting, that it would, and that in such case, the defendant would have to look to the attorney for damages. The court, however, say that they would allow the judgment to be opened so far as to enable the defendant to show his defence, but not to let the judgment loose its privilege. This rule seems to be such as to do justice to all parties; and if the court recognizes it in this case, the defendant cannot complain, as he will not be deprived of any equitable defence he may have against the note; he would only be barred from his plea of prescription, which should not be entertained, unless he was clearly entitled to it.

The interruption of prescription, up to the 17th day of December, 1843, is clear, if the court considers that *Garrett* and *Sharp*, attorneys, properly appeared for defendant, *Stewart*, in the case in Caldwell parish. C C. 3484, 3516, 3517. If the court should consider the affidavit as properly admitted in evidence, we then submit that the affidavit is not sufficient, for the following reasons : The answer filed in the suit in Caldwell parish, for *Stewart*, defendant, is signed by *Garrett* and *Sharp*, attorneys, and not alone by *Isaiah Garrett*. By reference to defendant's affidavit, it will be seen that he states, generally, that he never

MASON
v.
STEWART.

MASON
v.
STEWART.

authorized any attorney to appear for him in said case; then he goes on to qualify by stating, "that the answer filed by *Isaiah Garrett*, for defendant, on the 2d December, 1843, (not the correct time,) was done by said *Garrett* without the knowledge or authorization of the defendant." A fair construction of defendant's affidavit shows that he has reference only to *Garrett*. He does not pretend to deny that he employed *Garrett* and *Sharp*, or *Sharp* alone; the affidavit ought to have applied directly to the counsel who appeared; and as they appeared, and ought to have negatived the authorization to the attorneys who signed the answer, to put plaintiff on proof and to destroy the violent presumption created by the appearance of the attorneys, as to the certainty required in the affidavit. See *Bonnefoy* v. *Landry*, 4 R. R. 25. The plea of prescription cannot avail the defendant, even admitting that he did not authorize the appearance of the attorneys for him in the suit in Caldwell parish; as his co-defendant and debtor *in solido*, *Grayson* was legally represented in the suit in Caldwell parish, both by his attorney and by a curator *ad hoc*. All the legal points that bear upon the case before the court were fully discussed in the case of *Millaudon* v. *Beazley*, 2d Ann. 916. The interruption of prescription as to one debtor, *in solido*, interrupts prescription as to all the debtors *in solido*. C. C. 2092, 3517. *Hite* v. *Vaught*, 2d Ann. 970.

The suit in Caldwell parish was not solely for a foreclosure of the mortgage, it asked for judgment personally against defendants, *in solido*, and for a sale of the mortgage property; and the judgment in that case was, that the mortgaged property be sold, reserving to plaintiff his personal rights against defendants, if the mortgaged property did not pay the debt; hence this suit. Even if the suit in Caldwell parish had been a mere executory proceeding, it would have interrupted prescription. *Erwin* v. *Lowery*, 2d Ann. 315. *Millaudon* v. *Beazley*, Ib. 916. *Stansborough* v. *McCall*, 4th Ib. 327.

*O. Mayo* and *Rumage*, for defendant, contended: This suit was instituted upon a promissory note, executed by *Stewart* and *Grayson*. The defendant pleads the prescription of five years in bar of the action, which plea was sustained in the court below, and plaintiff has appealed. An attempt is made to show an interruption of prescription by suit against the parties to the note and an order of seizure and sale rendered on the 2d December, 1843. The suit referred to, appears to have been instituted in the ordinary form, containing, however, a prayer for the seizure and sale of the property mortgaged, to secure the payment of the note. Neither of the parties were cited to answer to the suit; but it seems, when the case was called, *Isaiah Garrett* was appointed attorney *ad hoc* to represent *Grayson*, who was an absentee; and that *Stewart* being a connection of his, he took the responsibility of representing him also. *Mr. Garrett* therefore appeared for both parties, but for the purpose of contesting the hypothecary action only. It does not appear that any citation was served upon him or either of the parties; and *Stewart* has declared, on oath, that he never authorized *Mr. Garrett*, or any one else, to represent or appear for him in that suit. The question then presents itself, did this appearance for *Grayson*, and the waivers made by *Mr. Garrett*, interrupt prescription as to the parties to the note? It is contended, on the part of *Stewart*, that it did not, for these reasons: 1st. Because, had *Grayson* been present, and had the executory proceedings been conducted against him, personally, prescription would not have been interrupted by such suit. See *Harrod* v. *Voorhies, administrator*, 16 L. R. 254. 2d. The appointment of attorney *ad hoc*, was irregular. A curator *ad hoc*, alone, can legally represent an absentee. C. P. 116. C. C. 57. 3d. The curator cannot, by pleading to the merits, waive citation, which can alone interrupt prescription; nor can he waive any legal right of the party for whom he acts. C. C. 3517. 4 N. S. 680, and the cases there cited.

The judgment of the court was pronounced by

Rost, J. This action was commenced on the 27th of October, 1848, on a promissory note which had matured on the 1st of January, 1842. The only serious defence is, the plea of prescription. In order to show an interruption of prescription, the plaintiff introduced, in evidence, the record of the suit of *Wm. F. Mason* v. *Stewart* and *Grayson*, the makers of the note, instituted in November, 1843, in which *Stewart*, the defendant in this case, appeared, by his counsel, *Garrett* and *Sharp*, and answered the petition on the 7th of December, 1843,

The record was received without objection; and after the plaintiff's evidence was closed, the defendant offered his own affidavit, denying that he ever authorized any attorney to appear for him in that case; and particularly, that the answer filed by *Isaiah Garrett*, in the name of *Garrett* and *Sharp*, as attorneys for him, was not authorized by him. The plaintiff's counsel objected to the reception of this affidavit in evidence in that stage of the proceedings; but the court overruled the objection, and he took a bill of exceptions. The plea of prescription was sustained by the court, and the plaintiff has appealed.

An affidavit, such as the defendant has made, has at times satisfied the court when the authority of the attorney was denied, in a case yet pending, and was made in the nature of a plea in abatement before judgment had been rendered, and any rights had been acquired by the party making the affidavit on the action of the attorney whose authority was denied. Here, the case in which the authority of the attorney is for the first time denied, was finally decided in 1843; and the result of the decision on the issue made by the answer filed was, that some property mortgaged by the creditor *in solido* of the defendant, was seized and sold, and the debt extinguished to the amount of $600. That the defendant was so grossly negligent of his own affairs, as to have remained in ignorance of that fact ever since, or that the counsel who appeared for him, were so regardless of their duty or their oath, as not to have informed him, at an early day, of what they had done for his benefit, if they were not originally authorized to act, are things which exceed the limits of rational belief. If, as we doubt not, the defendant was informed by his counsel of what they had done, and silently availed himself of the sale of the property of his creditor, in a case where no personal judgment had been rendered against him, the original want of authority is cured, and his appearance is sufficient to interrupt prescription. We have not failed to notice that the affidavit is artfully drawn up; and that while it is pressed upon us as covering the whole ground, it is silent as to the subsequent knowledge of the ratification by the defendant.

In the former suit $600 were made, and as it is not shown what the costs of that suit were, the whole amount must be deducted from the note at the date of the 8th of April, 1844. The plaintiff is entitled to judgment for the balance.

It is therefore ordered, that the judgment in this case be reversed, and that the plaintiff recover from the defendant the sum of eleven hundred and forty-two dollars and fifty cents, with interest at the rate of ten per cent per annum, from the 8th day of April, 1844, till paid; and the costs in both courts.