### BROOKS *v.* POIRIER.

The counsel in a cause made the following agreement, which was entered upon the record: "It is
  agreed by counsel for plaintiff and defendant in this case, that if the final judgment which may
  be rendered in the case of *Jehiel Brooks* v. *Samuel Norris*, No. 263, shall be in favor of the
  plaintiff in that case, a judgment shall be rendered in his favor in this, and if the judgment on a
  final hearing in that case (No. 263) should be in favor of defendant in that suit, a final judgment
  shall be rendered in favor of defendant, *A. Poirier*, in this case." The Court being of opinion that
  plaintiff had notice of the agreement, *Held:* that his silence for eight years, during which time
  the suit against *Norris* was pending, amounted to a ratification of the agreement of counsel.

APPEAL from the District Court of Caddo, *Drew, J.*
    *Crane & B. J. Sage*, for plaintiff and appellant. *Laud*, for defendant.

BUCHANAN, J. (SPOFFORD, J. recusing himself.) On the 9th May, 1843,
this case being fixed for trial on that day, the following agreement was made
in open Court and entered upon the minutes:

"It is agreed by the counsel for plaintiff and defendant in this case, that if
the final judgment which may be rendered in the case of *Jehiel Brooks* v. *Samuel Norris*, No. 263, shall be in favor of the plaintiff in that case, a judgment
shall be rendered in his favor in this, and if the judgment on a final hearing in
that case, (No. 263,) should be in favor of defendant in that suit, a final judgment shall be rendered in favor of defendant, *A. Poirier*, in this case."

At the same term of the Court at which this agreement was made, the
case of *Brooks* v. *Norris*, therein mentioned, was tried before a jury and a
verdict and judgment were entered up, in favor of defendant; from which an
appeal being taken by plaintiff, the judgment was affirmed by the Supreme
Court of the State at the October term, 1843, (6 Rob. 176). A writ of error
was sued out to the Supreme Court of the United States in 1848, which was
dismissed at the December term 1850. 11 Howard 204. In April, 1851, plaintiff by counsel, moved the District Court of Caddo, to reinstate the present case
upon the trial docket, in answer to which rule, the defendant pleaded the
agreement of the 9th May, 1843, and moved for judgment upon that agreement,
there being final judgment for defendant in the case of *Brooks* v. *Norris*.
These cross rules were submitted to the District Judge, who overruled the
application to reinstate, and ordered judgment to be entered up for defendant.
The plaintiff appeals.

The sole question to be decided is the authority of the attorneys of plaintiff,
Messrs. *Morse & Roysdon*, to make the agreement of the 9th May, 1843.

The fact of Messrs. *Morse & Roysdon* being the attorneys at law of plaintiff
in this action, not only results from the record, in which the petition is signed
by them; but the plaintiff has given in evidence a written contract, passed before a Notary Public, fixing the terms of the compensation of those gentlemen
for their professional services, and binding them to prosecute all petitory actions for lands claimed by plaintiff to eviction of the parties in possession.
This is one of those petitory actions, as was also that against *Samuel Norris*,
and the terms of the bargain between plaintiff and *Morse & Roysdon* are such
as to give them an interest in the event of the suit. A comparison of the pleadings (petition and answer) in this case and in that of *Brooks* v. *Norris*, shows
them to be word for word the same, with the exception of the name of defen-

dant. Under these circumstances there was nothing surprising in the fact of the counsel engaged in the two suits, having agreed that the judgment in one should decide both. Neither was there any thing injurious or prejudicial to plaintiff in such an arrangement. The silence of the plaintiff during eight years would be viewed as conclusive evidence of his acquiescence in the agreement made by his counsel, and by which further proceedings in this suit were suspended until the final judgment in the suit vs. *Norris*, which in fact only took place about eight years after the agreement; but the plaintiff has put on file, as the basis of his motion to reinstate the cause, an affidavit made by him before a Justice of the Peace in the District of Columbia, in which he not only declares that he never gave to *Morse & Roysdon* authority to make the agreement of the 9th May, 1843, but seeks to convey the impression that he was ignorant of the existence of such an agreement until about the date of the affidavit. The affidavit commences by stating that affiant's " attention has been called by his present counsel in this cause and agent and attorney in fact, *Bernard J. Sage*, to a written agreement" &c., a form of expression which indicates that the information was very recent. Yet there are other expressions in the affidavit which are scarcely consistent with this idea. Affiant says, for example, " that for a long time he supposed the aforesaid suits had been continued from time to time on the delay docket of the said District Court of the parish of Caddo, awaiting the issue of the suit of *Brooks* v. *Norris*, when he was surprised by the intelligence that such an agreement had been made." In reading this, the enquiry forces itself upon us : How did the affiant come to suppose that this case was awaiting the issue of the suit of *Brooks* v. *Norris*, unless he had information of the agreement of counsel of the 9th May, 1843 ? The studied vagueness of the affidavit in relation to this most essential point of the time of affiant's having acquired knowledge of the agreement made by his counsel, is to be construed against him. We learn by the report of the case of *Brooks* v. *Norris*, in 11 Howard, that Mr. *Sage*, whose name is mentioned in the affiidavit, was plaintiff's counsel in October, 1848, when the writ of error was granted by Chief Justice *Eustis*. It also appears from Mr. *Sage's* testimony, that plaintiff was a resident of Louisiana until 1845, and was in this State in the winters of 1845, '46, '47 and '48. It cannot be admitted without his positive oath of the fact, that he was ignorant during all this long period of what had been done in his land suits in Caddo District Court.

It appears to us, in the absence of such positive oath, a decisive indication of the plaintiff's approval of the agreement entered into by his counsel, in May, 1843, that he never instructed his new counsel, in the interval between the taking of the writ of error in October 1848, and its decision in December term of 1850, to move in the present suit in the District Court of Caddo.

This implied ratification of the acts of plaintiff's counsel, relieves us of the necessity of discussing the question of the general authority of attorneys at law.

It is therefore adjudged and decreed that the judgment of the District Court be affirmed with costs.