57 So.2d 222

**HAGSTETTE et al. v. WADS-WORTH et al.**

No. 39615.

Jan. 14, 1952.

Rehearing Denied Feb. 18, 1952.

------◆------

Raymond H. Saal, Covington, and Willis C. McDonald, New Orleans, for appellants.

Philip E. Pfeffer, Covington, for defendants-appellees.

HAMITER, Justice.

Mrs. Marion Alexius Hagstette, Chauncy Alexius and Mrs. Naomi Alexius Molaison, under this devolutive appeal taken by them, are complaining of the failure of a partition judgment to provide for a survey of the properties therein ordered sold.

Initially, such appellants instituted a suit to obtain a partition by licitation of some 26 separately described parcels of land, naming and citing as their co-owners Mrs. Selma Alexius Wadsworth, John N. Alexius, Alfred P. Alexius, Horace R. Alexius, Carl Alexius and Mrs. Leonora Alexius Dutsch (all referred to hereinafter as appellees). Incidental to the partition demand appellants prayed, among other

things, that an inventory and an appraisement be made of all of the properties involved; that two of the appellees be condemned to pay a reasonable rental on the portions used by them; and that the several parcels be ordered surveyed so that their location might be determined accurately.

Shortly after the filing of the petition the court directed the making of the requested inventory and appraisement.

Later the appellees answered, joining in the demand for a partition by licitation. But they asked that all other demands of appellants be rejected.

Trial of the cause followed, during which counsel agreed and stipulated that the only question at issue was the amount of rent due and owing by two of the appellees.

In due course, specifically on October 22, 1948, the court rendered in appellants' favor and signed a judgment fixing the undivided interests of the respective co-owners, decreeing a partition by licitation of the numerous described parcels (the descriptions given were the same as contained in appellants' petition), and referring the parties to a notary public for the purpose of completing the partition. The judgment failed to provide, however, for the making of a survey of the properties.

From this judgment no suspensive appeal was taken. Rather, pursuant to it and on the application of appellants, the properties therein described were seized and adver-

tised for sale to effect the desired partition. However, after the advertisement had run for approximately three weeks appellants discontinued it, and they then obtained (in the original suit) the issuance of a rule directed to appellees to show cause why the partition judgment "should not be amended" to include an order for the surveying and locating of the lands. In seeking the rule they alleged that under the descriptions given in the judgment the parcels could not be definitely pointed out and the boundaries properly delineated so as to permit an advantageous sale for the parties. The rule was dismissed on certain exceptions tendered by appellees.

Subsequently, appellees petitioned for and obtained a rule (also in the original suit) requiring appellants to show cause why the properties should not be sold in compliance with the partition judgment of October 22, 1948. Answering, appellants pleaded that the descriptions in such judgment were "so vague, indefinite and faulty that the said properties cannot be properly identified." They prayed only that the rule be dismissed and "that the said properties be ordered traversed and surveyed in order that it may be properly described and sold."

On a hearing of this rule the court, subject to the objection of appellees' counsel, permitted the introduction of testimony relative to the alleged indefiniteness of the descriptions contained in the partition judgment. The mentioned objection was that through the testimony an attempt, contrary to law, was being made to collaterally attack the definitive judgment signed October 22, 1948, and to amend or change it.

After the hearing the court, on May 20, 1949, decreed that the rule be made absolute and that the sheriff sell the properties in compliance with the judgment of partition. In making this ruling the judge, as shown by his assigned written reasons, observed: "I might state at the outset that the evidence taken in connection with the rule did not convince me that the descriptions of the properties contained in the judgment were so uncertain and indefinite to preclude a sale of said properties at public auction, as ordered in said judgment of partition. But, be that as it may, after a complete examination of the law on the subject, I am satisfied that the objection urged by counsel for plaintiffs in this rule, at the time the testimony was offered, was well taken. * * *"

Appellants moved for a suspensive appeal from this ruling, but the motion was denied. Thereupon, on May 31, 1949, they filed an application here (a copy of the mentioned written reasons of the judge was not attached thereto) in which they sought remedial writs to compel the judge to grant the suspensive appeal and to prohibit the sheriff from selling the properties as he was directed to do. We refused to grant the relief requested. To have done so would have stayed execution of the original partition judgment which had long

been executory, no suspensive appeal therefrom having been taken.

Appellants then requested and obtained the instant devolutive appeal, it being from the ruling of May 20, 1949, as well as from the partition judgment of October 22, 1948.

Appellees have moved to dismiss the appeal, contending that it presents only a moot question.

The motion to dismiss, in our opinion, is well founded. Attached thereto are documents disclosing (and counsel for appellants concede in their brief) that the properties in question have long since been sold at public auction in accordance with the provisions of the executory partition judgment. Under these circumstances it is impossible for us to grant the relief sought by appellants through the present appeal which is only, to quote from the brief of their counsel, "that the matter should be remanded to the lower court with the instruction to order a survey and resale of the property."

Applicable here is an observation made in the comparatively recent case of Hollingsworth v. Caldwell, 195 La. 30, 196 So. 10, 12, as follows: "We have recently reviewed the Articles of the Civil Code and the jurisprudence of this State with reference to the character and effect of a

partition sale in the case of Wetherbee v. Lodwick Lumber Company, Inc., et al., 194 La. 352, 193 So. 671. It was pointed out that a sale made under the mandate of the court to effect a partition is of the same nature and character as other judicial sales and is governed by the same rules. It was pointed out that the judgment ordering the sale to effect a partition becomes executory ten days after it is signed and that after the expiration of the delay for a suspensive appeal, while the party cast has the right to a devolutive appeal within one year, all power to oppose or prevent the execution of the judgment is lost. If the party cast fails to protect his rights by suspending the execution of the judgment in the manner prescribed by law, the court can not undo what has already been done by virtue of the judgment while it was executory. It was pointed out therein that such a sale in pursuance of a mandate of court transfers the property as completely as if the owner had sold it himself, citing Article 2620, R.C.C. A judgment ordering a partition or the sale made thereunder can not be collaterally attacked. Bayhi v. Bayhi, 35 La.Ann. 527."

For the reasons assigned the appeal is dismissed.