99 So.2d 77

Selma Alexius WADSWORTH

v.

John N. ALEXIUS et al.

No. 42977.

Jan. 6, 1958.

Lindsay McDougall, Julian J. Rodrigue, Covington, Arthur Landry, New Orleans, of counsel, for appellant.

Kehl & Cuquet, Fernando J. Cuquet, Jr., New Orleans, for appellees.

McCALEB, Justice.

Plaintiff, formerly the owner of an undivided one-sixth interest in several parcels of land situated in the Parish of St. Tammany, comprising more than 600 acres, instituted this action to annul a judgment ordering the partition by licitation of the property and also to set aside two partition sales of the land held under authority of said judgment. The grounds for nullity of the judgment are alleged to be that (1) plaintiff was neither cited nor did she answer the suit and that the attorney who purported to represent her was without authority to do so and (2), further, that, prior to the sheriff sales held under the judgment, one of the parties to said judgment died leaving as her sole heirs two minors, who were unrepresented in all subsequent proceedings.

The facts which give rise to the litigation are these: Plaintiff and her brothers and sister, John, Alfred, Carl, Horace and Leonora Alexius, inherited the land in controversy from their parents and a deceased brother. Thereafter Carl Alexius died and his children, Carl and Chauncy Alexius, Mrs. Marion Alexius Hagstette and Mrs. Naomi Alexius Molaison, were placed in possession of his one-sixth interest. Previous to the filing of the partition suit, the property was in charge of

Alfred and Horace Alexius who, until February of 1936, were acting as testamentary executors of their mother's estate. At that time, the heirs were placed in possession as co-owners in indivision but Alfred and Horace Alexius continued to administer the property, collecting rents and revenues which were remitted to the other co-owners in proportion to their interests. Being dissatisfied with this arrangement, three of the children of Carl Alexius—Chauncy Alexius, Mrs. Hagstette and Mrs. Molaison—brought suit on April 21, 1947, against their brother, Carl, and their aunts and uncles praying for a partition by licitation and also for an accounting by Alfred and Horace Alexius of their administration of the property.

None of the defendants in that case (although some of them, including Mrs. Wadsworth, the plaintiff herein, resided out of the Parish) was cited or served with a copy of the petition. Instead, Horace and Alfred Alexius consulted the late Louis L. Morgan, a prominent attorney of Covington who had previously handled their affairs, and employed him to handle the case for all of the defendants. In due course Mr. Morgan's law partner, Mr. Philip E. Pfeffer, acting on the former's instructions, accepted service of the petition for all defendants and also filed an answer, which, while denying that an accounting was due by Alfred and Horace Alexius, admitted, among other things, that the property could not be conveniently divided in kind and that a partition by licitation was necessary.

Thereafter, on October 22, 1948, judgment was rendered, fixing the undivided interests of the respective co-owners, decreeing a partition by licitation and referring the parties to a notary for completion of the partition. However, the judgment having failed to provide for a survey of the property, plaintiffs ruled the defendants to show cause why it should not be amended so as to order a survey before advertising the land for sale. This rule was dismissed on exceptions filed by the attorneys for the defendants who, simultaneously, filed a rule for plaintiffs to show cause why the sale should not be held under the conditions stated in the judgment. The plaintiffs contested this rule, alleging that the description was too vague to accurately locate the property and prayed that it be surveyed. The judge rejected this plea after a trial on May 20, 1949, ordering the sheriff to sell the property in compliance with the judgment of partition and denying plaintiffs a suspensive appeal from this order. Plaintiffs then applied to this Court for remedial writs, which were refused, and, thereafter, took a devolutive appeal from the judgment of October 22, 1948 and the order of May 20, 1949. When the case was submitted here for decision, the property had already been sold by the sheriff and, for this reason, the appeal was dis-

missed as moot. See Hagstette v. Wadsworth, 220 La. 666, 57 So.2d 222.

On December 6, 1948, Mrs. Naomi Alexius Molaison (one of the plaintiffs in the suit for partition) died being survived by her husband and two minor children. Notwithstanding that her death occurred shortly after the rendition of the partition judgment, no step was ever taken to make her heirs or representatives parties to the proceedings and the trial of the rule to show cause, the order of May 20, 1949, the subsequent sale of the property and the appeal to this Court were all conducted without any representation or appearance of the two interested minors.

The sale of the property under the partition judgment was held by the sheriff on July 27, 1949, the land being auctioned in two separate parcels. One parcel was sold for $1,960 to Mrs. Charles Brett, Salvatore Recile, Mrs. Marion Alexius Hagstette, Chauncy Alexius and Louis Molaison and the sheriff's deed to this parcel was executed on the same day. The other parcel was purchased for $10,100 by Alfred, Horace and John Alexius and Mrs. Leonora Alexius Dutsch but the sheriff's deed thereto was not executed until September 9, 1952.

Following a delay of almost three years from the date of the sales, the notary, to whom the parties were referred to complete the partition, sought to divide the proceeds, but Mrs. Wadsworth, the plaintiff herein, after consultation with her own attorneys, refused to accept the part allotted to her by the notary. Shortly thereafter she instituted this suit assailing the validity of the judgment on the grounds above stated, joining as defendants all interested parties.

The trial judge, in denying plaintiff relief, sustained the contentions of the defendants that, although Mrs. Wadsworth was not cited and did not voluntarily appear, she has, by her silence, acquiesced in the employment of an attorney in the partition suit to defend her interest and has now become estopped from asserting that she has not ratified his act in making an appearance for her. Further, the judge resolved that plaintiff could not assail the failure to substitute necessary parties following the death of Mrs. Molaison because persons purchasing at a judicial sale are protected by the decree ordering the sale and are not bound to look beyond it. Wherefore this appeal.

We address our immediate attention to the question of the nullity of the partition judgment by reason of lack of citation or voluntary appearance by plaintiff in the proceedings. If there was neither citation nor appearance, the judgment, and all proceedings had under its authority, are absolutely void, its nullity being demandable at any time. Articles 606 and 612 of the Code of Practice.

It is conceded that plaintiff was not cited and it is clear that Mr. Pfeffer, acting under instructions from Mr. Morgan,

was without authority in law to waive citation or accept service in her behalf. It is only after citation or the appearance of a defendant through counsel that service of all other process in the suit may be accepted by his attorney of record. R.S. 13:3471(15).

The record also establishes beyond any doubt that plaintiff did not employ Mr. Morgan and never authorized her brothers, Alfred and Horace Alexius, to employ him to act for her. Mr. Pfeffer testified that, in making an appearance for plaintiff, he simply acted on instructions of Mr. Morgan, stating that he had never been consulted by plaintiff and had no professional contact with her either personally or through correspondence. Plaintiff's two brothers, while declaring that they employed Mr. Morgan to represent her as well as the other defendants in the partition suit, say that they assumed it would be satisfactory to her. However, they acknowledge that she neither gave them authority to employ a lawyer to represent her nor did she at any time thereafter approve their action in doing so.

Thus it is manifest that, whereas Mr. Morgan unquestionably acted in good faith in believing that Horace and Alfred Alexius had the right to employ his firm to represent all of the defendants in the case, he was without authority in fact and in law to act for plaintiff as she was not previously consulted or thereafter told by her brothers of their act in employing Mr. Morgan as her counsel.

Counsel for defendants concede that the employment of Mr. Morgan was not directed by plaintiff but they, and the district judge, take the position that this was unnecessary as plaintiff, having actual knowledge of the partition proceedings, must be presumed to have had notice that she was being represented therein by counsel; that her failure to object to Mr. Morgan's representation of her for some four years now estops her from doing so and that she must be held to have acquiesced and ratified the agency he assumed. In support of this conclusion counsel cite and the judge relied on Mason v. Stewart, 6 La.Ann. 736 and Brooks v. Poirier, 10 La.Ann. 512.

There is no substance in this proposition under the specific facts involved herein. Since the evidence shows that Mr. Morgan was never employed by plaintiff and that she did not authorize her brothers to employ him, the fact that she had knowledge of the proceeding [1] or even that she discussed the matter with some of the other litigants [2] is insufficient to prove that she

1. There is evidence that she learned of the suit from other defendants, a newspaper notice and her daughter was present at the auction.

2. In reply to a letter circulated by Chauncy Alexius, one of the plaintiffs in the partition suit, advising that the property should be surveyed and sold by reliable

ratified his employment or to exhibit even that she knew that he was purportedly acting in her behalf.

Defense counsel and the judge assimilate, erroneously we think, knowledge of the proceeding as implying knowledge of appearance by representation and, thus, acquiescence and estoppel by silence which adds up to ratification of an unauthorized agency. But the cases relied on do not sustain such a conclusion as will be readily gleaned from their facts.

In Mason v. Stewart, the defendant was sued on a note to which he pleaded prescription. In order to show that prescription had been interrupted, plaintiff introduced in evidence the record of a prior suit on the note against the makers in which the defendant, who was sued as a co-defendant therein, had appeared through counsel who had filed an answer on his behalf. When this record was received, defendant offered his own affidavit denying that he had authorized an attorney to appear for him in that case. The court found, however, that his affidavit was incredible in view of other evidence showing that he had silently availed himself of the sale of certain property in that case, wherein no personal judgment had been taken against him.

In Brooks v. Poirier, defendant hired an attorney to defend a petitory action. This same attorney was employed by another defendant in a similar action and the cases were consolidated for trial. The attorney stipulated at the hearing that the defendants would be bound by whatever decision the judge would reach. Judgment was rendered against Poirier. Some eight years later, on a rule to revive the judgment, Poirier attacked it on the ground that his attorney was not authorized to enter into such a stipulation. The court found as a fact that he knew of the stipulation and that, by his long inaction, he would be held to have ratified the attorney's act.

In the case at bar, there is no showing by defendants that plaintiff had knowledge that Mr. Morgan was representing her in the partition suit. Hence, there is no basis for concluding that she acquiesced in his employment or ratified his appearance for her. See Whatley v. McMillan, 152 La. 978, 94 So. 905. Indeed, the case furnishes a classic example of the failure of the litigants and their counsel to observe fundamental rules of procedure and practice, the record in the partition suit revealing that the proceeding was conducted in a most informal manner without citation and service of any of the defendants, even though some of them resided out of the Parish and at least one was a non-resident of the State.

real estate agents, she stated that she was financially unable to contribute to a survey and felt sure that everything would be satisfactory.

It is appropriate here, we believe, to refer to the decision in Andrews v. Sheehy, 125 La. 217, 51 So. 122. In that matter, Sheehy had obtained a judgment against Andrews, a resident of Mississippi, whom he called in warranty and had him cited through a curator-ad-hoc. Subsequently, Andrews brought suit to annul the judgment on the ground that he, being a non-resident, had not personally appeared in the case and, therefore, the court was without jurisdiction to have granted a monied judgment against him by substituted service. Sheehy pleaded, and the evidence showed, that Andrews had testified in the case, had consulted with his (Sheehy's) attorney as to the prosecution thereof and had even promised to pay the judgment rendered against him. Nevertheless, this Court annulled the judgment holding that these acts could neither supply the want of citation nor be regarded as a waiver by acquiescence. It was there stated that the only sort of acquiescence which is sufficient to cure an illegally rendered judgment is that provided for by Article 612 of the Code of Practice in instances where the defendant, while present in the Parish, suffers the judgment to be executed without opposing the same.

■ True, that case does not control this one as the theory of defendants is that, since plaintiff was actually represented by counsel, she has made an appearance. However, any presumption resulting from the appearance of counsel in plaintiff's behalf was completely overcome by direct evidence that plaintiff neither employed counsel to represent her nor authorized the employment. In the circumstances, it became incumbent upon defendants to show knowledge on plaintiff's part that she was being represented by counsel and that she ratified his acts in her behalf. 7 C.J.S. Verbo Attorney and Client § 71 c, p. 873. We reiterate that defendants' proof fails to support such a conclusion.

In view of our holding it is unnecessary that we discuss the other contentions [3] made by plaintiff.

■ The judgment appealed from is reversed and it is now ordered that there be judgment herein in favor of plaintiff and against the defendants decreeing the judgment of partition rendered in suit No. 9496 of the Twenty-Second Judicial District Court for the Parish of St. Tammany, entitled "Marion Alexius, wife of Frederick B. Hagstette, Chauncey Alexius and Naomi Alexius, wife of Louis Molaison, v. Selma Alexius, widow of John Wadsworth, John N. Alexius, Alfred P. Alexius, Horace R. Alexius, Lenora O. Alexius, divorced wife of Frank L. Dutsch and Carl Alexius", to be illegal, null and void and that the sales made under said judgment or any other or-

3. Plaintiff has made two additional points in this Court which were neither pleaded in nor considered by the court below.

ders of court in that suit be vacated, annulled and set aside. Defendants are to pay all costs of this proceeding.