YARRUT, Judge.
The Defendant has taken this devolutive appeal from a final judgment rendered against him by stipulation and consent. Plaintiff answered the appeal praying that the judgment be affirmed, and for damages for frivolous appeal.
The suit below is one in personam filed at the domicile of Defendant, to recover a deficiency suffered by Plaintiff in a previous foreclosure proceeding for the unpaid balance due on a chattel mortgage on a motor truck. Plaintiff’s petition here alleges it is a holder of a certain promissory note secured by chattel mortgage on one new Mack Truck; that the payments were in default; that the mortgaged truck was seized and sold at public sale after due advertisement and appraisement, according to law, resulting in a deficiency of $8745.49, for which it prays for judgment, with interest and attorney’s fees.
Defendant answered through counsel, admitting his domicile in the Parish of Jefferson, but denying all other allegations; with reservation of the right to file a more complete and detailed answer at a subsequent time. This answer was filed on November 7, 1960. Defendant filed no further answer and the case was fixed for trial. On that date the court read, rendered and signed a consent judgment, approved by counsel for Plaintiff and Defendant; with the recital the judgment was rendered upon stipulation of counsel.
At the bottom of the judgment appears the following consent and approval of counsel :
“APPROVED AND SUBMITTED:
"FLOYD J. REED, Attorney for MACK TRUCKS, INC.
“919 Maison Blanche Building
“New Orleans 1C, Louisiana”
“APPROVED AND SUBMITTED:
“GEORGE W. GILL, JR., Attorney for H & H Sand & Gravel Co.
“Pere Marquette Building
“New Orleans 12, Louisiana”
Following the taking of the devolutive appeal, Defendant brought a direct action in the same court for nullity of the judgment, alleging that the foreclosure proceedings and the sale of the truck were illegal, because the court of the foreclosure proceedings was neither the court of the domicile of Defendant, nor where the truck was located at the time. The suit for annulment of the judgment rendered herein is still pending in the lower court for trial.
The only question before us now is the judgment appealed from, rendered against Defendant by consent. 'While LSA-C.C.P. Art. 2085 provides that an appeal cannot be taken by a party who confessed judgment in the trial court, Appellee is not asking for a dismissal of the appeal, but for its affirmance with damages for frivolous appeal. Therefore, whatever may be the grounds for annulment pending in the court below, that case is not before us on this appeal. We are concerned only with the record before us, i. e., a suit in personam, with personal service on Defendant, his appearance and answer, and his consent to the judgment. There is nothing in the record here to show any illegality, either as to the cause of action or the procedure in the court below; nor fraud patent on the face of the record.
Defendant urges that the public sale, even with benefit of appraisement and advertisement, in the foreclosure proceedings prosecuted in the Civil District Court for the Parish of Orleans, was the equivalent of a private sale, because Defendant was not a resident of Orleans Parish nor the Parish where the truck was seized and sold.
There is no question that both private or judicial sales, made without ap-praisement of the mortgaged property, come within the prohibition of the Deficiency Judgment Statute (LSA-R.S. 13:4106-4107) and, under either method of procedure, the mortgagor is relieved and discharged for any remaining deficiency. Soileau v. Pitre, La.App., 79 So.2d 628; David Investment Company v. Wright, La.App., 89 So.2d 442; Atlas Finance Corporation v. Whitehead, La.App., 99 So.2d 481; Quirk v. Normand, La.App., 103 So.2d 516.
*657 Tfie prohibition and declaration of public policy of the Deficiency Judgment Statute, cited supra, is not applicable here, because the mortgaged property was sold after due appraisement and advertisement. Nor is there any question that the Civil District Court for the Parish of Orleans had jurisdiction ratione materiae. We know of no law that prevents a mortgagor from making a personal appearance and waiving venue in a chattel mortgage foreclosure. If a mortgagor can waive venue in the foreclosure suit, we see no reason why, in a subsequent suit for a deficiency judgment, he cannot ratify the proceedings in the former, except where the proceeding was in contravention of a prohibitive law and the declared public policy of the state. Since the sale in the foreclosure suit was made in strict conformity with the Deficiency Judgment Statute, the consent to the deficiency judgment in this proceeding was in no manner in contravention thereof.
The authority of counsel of record to represent a Defendant, after citation, is presumed unless affirmatively challenged. Wadsworth v. Alexius, 234 La. 187, 99 So.2d 77; Plaquemines Parish School Board v. Davis, La.App., 32 So.2d 391.
Counsel cites the case No. 622, entitled “Mack Trucks, Inc. v. O. R. Dixon and Joues F. Toups, d. b. a. T. & D. Contracting Company,” decided by this court on June 4, 1962, 142 So.2d 605, as being in point here. The facts generally are similar to those in this case, with the fundamental difference that the Defendant in the cited case did not voluntarily confess judgment for the deficiency, but attacked the validity of the original foreclosure proceeding.
LSA-C.C.P. Art. 2772, provides that a creditor may obtain a deficiency judgment against a debtor either by converting the executory proceeding into an ordinary proceeding, as provided in LSA-C.C.P. Art. 2644, or by a separate suit. Plere the creditor brought a separate suit for the deficiency at the domicile of Defendant. Defendant was cited, appeared, and answered and consented to the deficiency judgment, as to which there is nothing contra bonos mores or in violation of any prohibitory law.
LSA-C.C.P. Art. 2633 provides that an executory proceeding to enforce a mortgage or privilege may be brought either in the parish where the property is situated, or as provided in the applicable provision of LSA-C.C.P. Art. 42, par. (1), which provides for suit at the Defendant’s domicile. LSA-C.C.P. Arts. 43 and 44 provide for waiver of venue, which do not prohibit waiver in a foreclosure suit such as this one.
We do not think damages for frivolous appeal should be awarded herein because of the pendency of a suit to annul.
For the reasons assigned, the judgment of the district court is affirmed; at Defendant’s costs; without prejudice to the suit for annulment now pending in the lower court.
Affirmed.