STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1117

PAUL NICHOLLS DEBAILLON, BANKRUPTCY TRUSTEE, ET AL.

VERSUS

CONSOLIDATED OPERATING CO., INC., ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20064565
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Glenn B. Gremillion, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED.

Cliffe Edward Laborde III
Louis Simon II
Brandon W. Letulier
LaBorde & Beuner
1001 W. Pinhook Rd., Suite 200
Lafayette, LA 70503
(337) 237-7000
  Counsel for Defendant-Appellee:
  Island Operating Company
  Greg H. Falgout

David Patrick Keating
Attorney at Law
P. O. Box 490
Opelousas, LA 70571
(337) 594-8200
  Counsel for Plaintiff-Appellant:
  Paul Nicholls DeBaillon, Bankruptcy Trustee
  Frederick W. Chapman, III
  Jane Elizabeth Chapman

**PICKETT, Judge.**

The plaintiffs-appellants, Paul DeBaillon, Frederick Chapman III, and Jane Elizabeth Chapman appeal a judgment granting an exception of no cause of action and dismissing with prejudice their petition to annul a judgment.

**STATEMENT OF THE CASE**

The underlying actions in this suit date back to 1989. In a nutshell, the Estate of F. W. Chapman Jr. sued Consolidated Operating Co., Inc. (Consolidated), alleging breach of contract. After years of complicated legal wrangling, the heirs of F.W. Chapman Jr. were substituted as the plaintiffs, and several defendants were added. One of those heirs, Frederick Chapman III, filed for bankruptcy. When he tried to assign his rights in the action to another party, the defendants filed an exception of no right of action, alleging that the proper party to assert the claim was the bankruptcy trustee. The trial court delayed ruling on the exception until the bankruptcy trustee could be notified. When contacted, Paul DeBaillon, who had been appointed bankruptcy trustee, was no longer the trustee because the bankruptcy case had been closed. The trial court granted the exception of no right of action and dismissed Frederick Chapman III from the suit.

Soon thereafter, the plaintiffs hired new attorneys. After the judgment was signed dismissing Frederick Chapman III from the suit, he petitioned the bankruptcy court to reopen his Chapter 7 claim. The bankruptcy court reopened the claim and reappointed Paul DeBaillon as trustee. The attorneys representing the other plaintiffs were hired by DeBaillon to represent the bankruptcy estate. These attorneys then filed a supplemental and amending petition seeking to add as a plaintiff the bankruptcy trustee on April 5, 2005. The defendants objected, since trial was set to

1

begin on June 1, 2005. The trial court allowed the amending petition. On May 27, 2005, the defendants then filed exceptions of res judicata and judicial estoppel alleging that the dismissal of Frederick Chapman III and the failure of the bankruptcy trustee to participate in the case after being notified had already been litigated and that DeBaillon should be released from the suit.

On June 1, 2005, trial began in the suit and the parties argued the exceptions to DeBaillon's participation to the suit. The trial court overruled the exceptions, and the other preliminary trial matters proceeded. During the lunch break, the plaintiffs and defendants entered into settlement negotiations. The defendants agreed to settle the claims with Jeri Chapman. The defendants asked the trial court to reconsider its ruling earlier in the day on whether DeBaillon should be dismissed from the suit. The trial court reconsidered its earlier ruling and granted the exceptions and dismissed DeBaillon from the suit with prejudice. A judgment granting the exceptions of res judicata and judicial estoppel and dismissing all claims brought by DeBaillon was signed on August 27, 2005. This judgment was not appealed and is a final judgment.

On August 28, 2006, DeBaillon, Frederick Chapman III, and Jane Elizabeth Chapman filed a Petition to Annul Judgment, alleging that the August 27, 2005, judgment was obtained by fraud or ill practices and should be annulled pursuant to La.Code Civ.P. art. 2004. The defendants filed an exception of no cause of action, arguing that the claim was perempted under the provisions of La.Code Civ.P. art. 2004(B), which states that an action to annul the judgment must be brought within one year from the date the fraud or ill practices was discovered or should have been discovered. They argued that DeBaillon's attorneys knew about the settlement and the terms thereof on June 1, 2005, the date the settlement was reached, and that

2

knowledge was imputed to him. Therefore, a petition to annul filed on August 28, 2006, was untimely. The trial court held a hearing on February 5, 2007, and sustained the exception of no cause of action. A judgment in conformity with that ruling was signed on February 8, 2007. On February 22, 2007, DeBaillon filed a motion for a new trial, alleging that he had discovered new evidence. The trial court denied the motion in a judgment dated March 28, 2007. DeBaillon, Frederick Chapman III, and Jane Elizabeth Chapman now appeal.

## ASSIGNMENTS OF ERROR

The plaintiffs-appellants, Paul DeBaillon, Frederick Chapman III and Jane Elizabeth Chapman, assert six assignments of error:

1.  The Trial Court erred in ruling that knowledge to plaintiff's counsel was knowledge to plaintiff under the facts of this case.

2.  The Trial Court did not accept the well-pleaded facts of the petition as being true.

3.  The Trial [Court] did not accord every reasonable interpretation of the language of the original petition in maintaining the sufficiency of the petition and affording the plaintiffs the opportunity to present evidence at trial.

4.  The Trial Court erred in not following Louisiana Code of Civil Procedure article 934 in allowing any amendments to the pleadings to cure the exceptions of no cause of action.

5.  The Trial Court erred in ruling that Paul N. DeBaillon, Bankruptcy Trustee, Frederick W. Chapman, III and Jane Elizabeth Chapman had knowledge of the settlement and the method and manner in which the dismissal occurred prior to August 27, 2005.

6.  The Trial Court erred in finding that even though plaintiffs' counsel:
    (a)  agreed to a settlement that did not include Paul N. DeBaillon, Bankruptcy Trustee, Frederick W. Chapman, III and Jane Elizabeth Chapman;
    (b)  did not correspond or communicate with Paul N. DeBaillon, Bankruptcy Trustee, Frederick W. Chapman, III and Jane Elizabeth Chapman regarding the settlement or dismissal;

3

      (c)     executed confidentiality agreements that specifically prohibited plaintiffs' counsel from discussing or disclosing the settlement with Paul N. DeBaillon, Bankruptcy Trustee, Frederick W. Chapman, III and Jane Elizabeth Chapman; and

      (d)     intentionally and purposefully failed to disclose the settlement and the manner in which the dismissal occurred with Paul N. DeBaillon, Bankruptcy Trustee, Frederick W. Chapman, III and Jane Elizabeth Chapman

that knowledge to plaintiffs' counsel would still be imputed to Paul N. DeBaillon, Bankruptcy Trustee, Frederick W. Chapman, III and Jane Elizabeth Chapman so as to commence the peremptive period.

## DISCUSSION

The supreme court discussed appellate review of a judgment granting an exception of no cause of action in *Badeaux v. Southwest Computer Bureau, Inc.*, 05-0612, p. 7 (La. 3/17/06), 929 So.2d 1211, 1217:

[A]n exception of no cause of action questions whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. *Industrial Cos.,* [*Inc. v. Durbin*, 02-0665, p. 6 (La.1/28/03), 837 So.2d 1207, 1213]. The exception is triable on the face of the petition and, to determine the issues raised by the exception, each well-pleaded fact in the petition must be accepted as true. *Id.* In reviewing a district court's ruling sustaining an exception of no cause of action, appellate courts conduct a de novo review because the exception raises a question of law and the district court's decision is based only on the sufficiency of the petition. *Id.* An exception of no cause of action should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. *Id*. at p. 7, 837 So.2d at 1213; *Barrie v. V.P. Exterminators, Inc.*, 625 So.2d 1007, 1018 (La.1993). If the petition states a cause of action on any ground or portion of the demand, the exception should generally be overruled. *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1236 (La.1993). Every reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. *Industrial Cos.*, 02-0665 at p. 7, 837 So.2d at 1213.

Louisiana Code of Civil Procedure article 2004 states:

A.    A final judgment obtained by fraud or ill practices may be annulled.

4

B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.

C. The court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on these grounds.

The trial court ruled that the appellants have no cause of action because under 2004(B) they had knowledge of any fraud or ill practices more than one year before the suit was filed, and thus their claim for nullity is perempted.

In their first, fifth, and sixth assignments of error, the appellants argue that the trial court incorrectly imputed the knowledge of their attorney about the settlement and the means by which it was confected to them, given that those same attorneys and that settlement caused the dismissal of the appellants from the underlying suit. According to the petition, the appellants could have known as early as June 1, 2005, that DeBaillon's attempt to intervene as bankruptcy trustee would be denied. The record supports the defendants' assertion that the attorneys for Jeri Chapman and DeBaillon assured the trial court on the record that they had informed DeBaillon about the settlement. The judgment formally dismissing him was not signed until August 27, 2005.

We find that we agree with the first circuit when it stated, "the improper representation or misconduct of the moving party's attorney is not a legally recognized basis for granting an action in nullity." *Stroscher v. Stroscher*, 01-2769, p.5 (La.App. 1 Cir. 2/14/03), 845 So.2d 518, 524. Furthermore, "[t]he law is well settled that notice to an attorney of record is notice to the client."*Barber v. Testa*, 331 So.2d 139, 140 (La.App. 3 Cir. 1976). Thus, in this case, even though the appellants assert their attorneys were the source of the fraud or ill practices, we find that they as to the judgment which they seek to have annulled, they had knowledge of the alleged

5

fraud or ill practices because their attorneys of record had knowledge of the fraud or ill practices. Thus, while they may have an action for legal malpractice, an action does not lie to collaterally attack the judgment through a nullity action.

We also disagree that the trial court did not properly consider the allegations of the petition as true, as argued in assignment of error two. We find that even assuming as fact the well-pleaded allegations in the petition, that the action for nullity cannot properly be brought in this case. For the same reason, this assignment of error three lacks merit.

The appellants failed to brief their fourth assignment of error, in which they argue that the trial court should have allowed them to amend their petition. "All specifications or assignments of error must be briefed. The court may consider as abandoned any specification or assignment of error which has not been briefed." Uniform Rules–Courts of Appeal, Rule 2-12.4. Thus, we will consider this assignment of error abandoned.

Finally, the defendants-appellees seek attorneys fees pursuant to La.Code Civ.P. art. 2004(C). As the appellees did not filed an appeal with the trial or an answer to the appeal filed by the plaintiffs-appellants, we cannot consider this argument. La.Code Civ.P. art. 2133.

For the foregoing reasons, the judgment of the trial court is affirmed in all respects. Costs of this appeal are assessed to the appellants.

**AFFIRMED.**

6