STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1539


EARLINE YORK, ET AL.

VERSUS

SUCCESSION OF JULIETTE B. POLK, ET AL.


**********


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 108502-G
HONORABLE CHARLES PORTER, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Oswald A. Decuir, Marc T. Amy, and Billy Howard Ezell, Judges.

AFFIRMED IN PART.  REVERSED IN PART.  REMANDED.

Stephen F. Mestayer
Mestayer and Mestayer
Post Office Box 12340
New Iberia, LA   70562-2340
(337) 365-8181
COUNSEL FOR DEFENDANTS/APPELLEES:
    Succession of Juliette B. Polk
    Zerita Polk DePass

Carl A. Perkins
728 N. Theard Street
Covington, LA   70433
(985) 892-8158
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Earline York
    Paulette D. Braud
    Pamela Duncan

AMY, Judge.

The plaintiffs filed a petition for nullity of a consent judgment. The trial court dismissed the petition after sustaining peremptory exceptions of no cause of action and prescription. The plaintiffs appeal. For the following reasons, we affirm in part, reverse in part, and remand.

**Factual and Procedural Background**

Earline York, Paulette Braud, and Pamela Duncan filed a Petition for Nullity of Judgment on October 26, 2006. Through the petition and a supplemental petition, the plaintiffs contest a consent judgment entered in the Succession of Juliette Polk in the Sixteenth Judicial District Court.

The petition alleges that the consent judgment returned three Regions Bank accounts, each bearing at least one of their respective names, to Ms. Polk's succession. The plaintiffs assert that the consent judgment was signed by the attorney for the succession, James Schwing, and Paul Lea, an attorney representing Ms. York and Ms. Duncan. The plaintiffs contend that Mr. Lea did not, however, represent Ms. Braud.

In addition to their argument that Mr. Lea consented to a judgment being taken against Ms. Braud, a party he did not represent, the plaintiffs contend that the consent judgment is null and void as they "did not consent are [sic] give written or verbal authorization for these funds to be returned" to the succession. The petition also alleges that Ms. Braud was not served with notice of the pending litigation. Finally, the plaintiffs assert that they had no knowledge that the consent judgment was signed as "the funds were never transfer [sic] into a succession account and were maintained in the named of Earline York, Paulette D. Braud, and Pamela Duncan."

The Succession filed exceptions of no cause of action and prescription. The trial court sustained the exceptions. The plaintiffs appeal, questioning the exceptions and arguing that the trial court erred in "adopting facts that were not part of any record in its written reason[s] for judgment."

**Discussion**

*Adoption of Facts*

The plaintiffs argue that the trial court adopted facts not in evidence in its reasons for judgment.[1] However, "it is well settled that a trial court's judgment and reasons for judgment are two separate and distinct legal documents, and appeals are taken from the judgment, not the written reasons for judgment." *McCalmont v. Jefferson Parish Sheriff's Office*, 99-940, p. 6 (La.App. 5 Cir. 1/12/00), 748 So.2d 1286, 1290, *writ denied*, 00-679 (La. 4/20/00), 760 So.2d 1160. Additionally, the issues presented by this appeal are largely ones of law, not fact. This assignment requires no action.

---

[1] The plaintiffs reference this portion of the trial court's reasons:

[The] Court, after consideration of the evidence in the case, finds that Pamela Duncan and Pauline Braud were children of Earline York and she initially placed their names on a certificate of deposit belonging to Juliette Polk as a matter of accommodation and convenience for her sake, in the event something would have happened to her that she would not have had access to this account of a certificate of deposit.

The Court finds that Pamela Duncan and Pauline Braud never had the intention or, through their actions, were never real parties of interest in this succession proceeding. There was a will that the testator made in favor of Earline York and then there was a second will that was made in favor of Zoreta [sic] Polk Depas[s]. Those two were the real litigants and contestants in these proceedings and Pamela Duncan and Pauline [sic] Braud, although they alleged in the petition for nullity that the judgement of January 26th, 2004, a consent judgement, at that, should be nullified, the Court believes otherwise; that they did not intend to be parties to these proceedings and only now are appearing to be parties in these proceedings as another means of upsetting the decision made by the Court on summary judgment and which was ultimately affirmed by the Third Circuit Court of Appeal.

2

*No Cause of Action*

The plaintiffs argue that the trial court erred in sustaining the exception of no cause of action as, they contend, their petition alleges a basis for their nullity action pursuant to La.Code Civ.P. arts. 2002 and 2004.

Pursuant to La.Code Civ.P. art. 931, "[n]o evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action." Rather, as the function of the exception of no cause of action is to question whether the law extends a remedy to anyone under the petition's factual allegations, the exception is triable on the face of the petition alone. *Fink v. Bryant*, 01-987 (La. 11/28/01), 801 So.2d 346. The petition's well-pleaded facts must be accepted as true. *Id.* On review, an appellate court considers the trial court's decision *de novo* as the exception raises a question of law. *Id.*

The plaintiffs contend that they did not acquiesce in the consent judgment signed by Mr. Lea and, additionally, that he did not represent Ms. Braud. They argue that this is a basis for nullity pursuant to La.Code Civ.P. art. 2004, which provides, in pertinent part:

> A. A final judgment obtained by fraud or ill practices may be annulled.
>
> B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.

Ms. York and Ms. Duncan's allegation that they did not consent for their attorney to enter into the consent judgment does not set forth a cause of action. Jurisprudence indicates that improper representation or misconduct of the movant's attorney is not a recognized basis for a nullity action. *See DeBaillon v. Consolidated Operating, Co.*, 07-1117 (La.App. 3 Cir. 1/30/08), 975 So.2d 682; *Stroscher v. Stroscher*, 01-

2769 (La.App. 1 Cir. 2/14/03), 845 So.2d 518; *Melancon v. D&M Enterprises*, 95-0644 (La.App. 4 Cir. 9/28/95), 662 So.2d 54. In this regard, the trial court correctly sustained the exception of no cause of action. In fact, the trial court could have recognized on its own motion that Ms. York and Ms. Duncan also lacked a right of action pursuant to La.Code Civ.P. art. 927(B). As the law affords no remedy under the facts alleged regarding representation and there is no indication that petition could be amended to provide a valid cause of action, the claims of Ms. York and Ms. Duncan were properly dismissed pursuant to La.Code Civ.P. art. 934.[2]

However, the petition also alleges that Ms. Braud was not a client of Mr. Lea and that she was not provided with service of process of the original litigation leading to the consent judgment.[3] This is a distinct claim from that of Ms. York and Ms. Duncan[4] as La.Code Civ.P. art. 2002 provides:

> A. A final judgment shall be annulled if it is rendered:
>
> . . . .
>
> (2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.

_____

[2] Article 934 instructs:

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

[3] To the extent the Succession attempted to reference additional evidence, such evidence could not permissibly be considered on the exception of no cause of action pursuant to La.Code Civ.P. art. 931.

[4] When a petition alleges separate causes of action based on distinct operative facts, an exception of no cause of action may be granted as to one cause of action, but denied as to another. *Hooks v. Treasurer*, 06-541, 06-100 (La.App. 1 Cir. 5/4/07), 961 So.2d 425, *writ denied*, 07-1788 (La. 11/9/07), 967 So.2d 507.

4

> . . . .
>
> B. Except as otherwise provided in Article 2003, an action to annul a judgment on the grounds listed in this Article may be brought at any time.

*See also Wadworth v. Alexius*, 99 So.2d 77 (La.1958).

Although the petition alleges that Ms. Braud was not served with process of the original litigation leading to the consent judgment, Article 2002(A)(2) also requires that the party against whom the judgment was entered did not waive objection to jurisdiction. The petition lacks an allegation as to this element. Accordingly, we affirm the sustaining of the no cause of action with regard to Ms. Braud's claim under Article 2002(A)(2). However, we reverse the dismissal of the petition insofar as it relates to Ms. Braud and remand the matter to the trial with orders for it to set delays for her to amend the petition, if possible. *See* La.Code Civ.P. art. 934.

*Prescription*

The plaintiffs also question the granting of the exception of prescription. With regard to Ms. York and Ms. Duncan, La.Code Civ.P. art. 2004(B) provides that an action for nullity due to fraud or ill practices "must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices." The petition alleges that the consent judgment was signed in January 2004 and was signed by the plaintiff's attorney. Yet, the petition for nullity was not filed until October 2006, well over the one-year period identified by Article 2004. While Ms. York and Ms. Duncan may allege that they "had no knowledge that the judgment was signed," notice to an attorney of record is notice to the client. *See DeBaillon*, 975 So.2d 682 (quoting *Barber v. Testa*, 331 So.2d 139 (La.App. 3 Cir.1976)). Thus, insofar as the

5

claims of Ms. York and Ms. Duncan are concerned, the trial court correctly granted the exception of prescription as well.

As we have recognized that Ms. Braud must be provided an opportunity to amend her petition to allege a cause of action due to lack of service of process, we find that the trial court erred in sustaining the exception of prescription as to her claim as suit under La.Code Civ.P. art. 2002 may be brought at any time. Accordingly, we reverse the granting of the exception of prescription with regard to Ms. Braud's claim.

**DECREE**

For the foregoing reasons, the judgment of the trial court sustaining the peremptory exception of no cause of action is affirmed. However, the judgment is reversed insofar as it ordered the dismissal of Paulette Braud's petition. This matter is remanded with instructions to permit amendment of Ms. Braud's petition within delays established by the trial court pursuant to La.Code Civ.P. art. 934. The judgment is further affirmed insofar as it sustained the exception of prescription with regard to the claims of Earline York and Pamela Duncan. The sustaining of the exception of prescription as to Ms. Braud is reversed. Two-thirds of the costs of this proceeding are assessed to the appellants, Earline York and Pamela Duncan. The remaining one-third of the costs are assessed to the appellee, the Succession of Juliette Bijou Polk.

**AFFIRMED IN PART. REVERSED IN PART. REMANDED.**