DORÉ, Judge.
The petition in this case is somewhat vague in that petitioner first claimed a debt of $818.61 plus interest and attorney fees and finally prays for judgment against the defendant in the sum of $267.51 plus 8% (eight per cent) interest from June 1, 1949 and twenty-five (25%) per cent upon the principal and interest as attorney fees and for all costs. Considering the petition as a whole, the facts set out -are that the petitioner sold an automobile to the defendant Smith and obtained a note from Smith for $823.95 payable in fifteen monthly instal-ments of $54.93, beginning May 20, 1949 and secured by a chattel mortgage on the automobile; that thereafter the defendant failed to pay a balance of $494.37 due on this note and then surrendered the car to the seller, “for the benefit of all concerned, after having used, misused and rendered the same practically worthless as an automobile, the same to be repaired, sold and placed in proper running condition.” The petitioner then makes the allegation that the car was thereupon repaired at a cost of $245.24 and then sold for the price of $475. It appears that the repair bill was added to the unpaid balance due by the defendant Smith and from that amount Smith was credited with the selling price of $475, leaving an alleged deficiency of $267.51.
The petition was met with an exception of no right or cause of action and also with an exception of vagueness. On hearing on the exception of no cause or right of action, the trial judge sustained that exception and accordingly dismissed plaintiff’s suit at his costs. The plaintiff has appealed.
The sole question before us is whether or not the plaintiff has stated a cause of action and a decision of that question depends on an interpretation of Act No. 28 of 1934, now Title 13, Section 4106 of the LSA-Revised Statutes of 1950.
As stated at the outset, the petition is vague but it seems to clearly show that the automobile of the defendant C. A. Smith was repossessed by the plaintiff, repaired and sold without appraisement. Under the terms of the aforesaid act, in view of his private sale without appraisement, it is our opinion that the debt was completely discharged and that no deficiency could thereafter be claimed by the plaintiff.
The act reads in part as follows: “In any case where any mortgagee or other creditor takes advantage of the waiver of appraisement of the debtor and provokes a judicial sale, without the benefit of ap-praisement, of the encumbered property, whether real or personal, or of both characters, and the proceeds of such sale are insufficient to satisfy the debt for which the property is sold, the debt nevertheless shall stand fully satisfied and discharged, and such mortgagee or other creditor shall not thereafter have the right to proceed against the debtor or any other of his property for such deficiency, in any manner whatsoever.”
Under those circumstances, the exception of no right and no cause of action was properly sustained, and the judgment appealed from is affirmed.