REGAN, Judge.
The plaintiff, Liberal Finance Corporation, the holder and owner in due course of a certain promissory note in the sum of $877.50, secured by a chattel mortgage on a 1946 Plymouth automobile, instituted this suit against defendant, Wade Hollins Washington, endeavoring to recover the sum of $812 plus interest at the rate of 8% per annum from July 28,1951, together with 15% attorneys’ fees of both principal and interest and all costs and prayed that a writ of sequestration be issued in conformity therewith.
The defendant filed a motion to dissolve the writ of sequestration, which was referred to the merits with full reservation of defendant’s right to damages for the wrongful issuance of the writ and attorneys’ fees. Defendant then pleaded the exceptions of no right or cause of action which were overruled and.then answered admitting execution of the note and mortgage, but denied that he was presently indebted unto plaintiff in any sum whatso-' ever. Defendant further reconvened asserting, that on September 24, 1951, his 1946 Plymouth automobile, together with certain trade tools contained therein valued at $83.69, was illegally seized by the agents of the plaintiff, without his- consent, and, therefore, he is entitled to a judgment in the amount of $400 resulting from the illegal seizure and the value of the tools or a total of $483.69.
The court, a qua, rendered judgment on the main demand in favor of defendant, dismissing plaintiff’s suit and rendered judgment on the reconventional demand in the sum of $250. From this judgment plaintiff has prosecuted this appeal.
The record reveals that on June 28, 1951, the defendant purchased from Foster’s Used Cars a 1946 Plymouth automobile and executed a promissory note secured by a chattel mortgage in the sum of $877.50, to the order of Foster’s Used Cars, payable in fifteen consecutive monthly installments of $58.50 each, beginning July 28, 1951, with interest at the rate of 8% per annum from maturity until paid. The note provides that the failure to pay any installment matured the entire obligation at the -option of the holder and entitled him to 15% attorneys’ fees and all parties thereto waived presentment for payment, demand, protest and notice of protest. The note was subsequently negotiated by Foster’s Used Cars to the plaintiff, Liberal Finance Corporation.
The first installment of $58.50 due July 28, 1951, was not paid but defendant did make a payment of $50.50 on August 6, 1951. After the defendant failed to pay the second installment due on August 28, 1951, the plaintiff wrote and telephoned the defendant on several occasions. The defendant always promised to meet his payments, however, it was not until September 17, 1951, when he appeared in the-office of the plaintiff and paid the additional sum of $15. Upon reaching this point in the case a dispute arises between plaintiff and defendant as the nature of the conversation which ensued on this occasion. Plaintiff insists that the defendant informed them that he could not make any further payments and that they could “come take the car.” Defendant, on the other hand, in relating his version of that conversation stated that he was experiencing difficulty .with his wife and that if they were going to seize the automobile, he preferred that they would not accept the payment of $15, because he could use the money to much better advantage. In any event, several days later, on the morning of September 24, 1951, defendant’s wife appeared in plaintiff’s office with the keys to the car and stated “Wade doesn’t want to pay for the car. You better take the car.” Plaintiff’s representatives, accompanied by defendant’s wife, drove to the home of the defendant, from which he was absent, and took possession of the car; that evening the defendant, without knowledge of his wife’s earlier actions, telephoned the plaintiff to offer another, excuse relative to his inability to make a payment that day, at which time the plaintiff informed the defendant that his wife had visited their office and gave the keys to them and that they now had possession of the car, to which defendant is alleged to have answered “all right.” On the same day, plaintiff sold defendant’s automobile to *547 Honofroe Embry. On September 26, 1951, plaintiff received a letter from defendant’s attorney in which no demand was made for the return of the automobile, but in which it was asserted that the automobile was seized without authorization. Immediately thereafter, plaintiff’s representatives visited the home of Embry and induced him to accept another car in exchange for defendant’s automobile. Plaintiff’s representatives then drove the automobile to the Gonzales Motor Car Company, Inc., wherein is located a garage frequently used by the Sheriff of the Parish of Jefferson to store property obtained under seizure and therein stored the car.
Plaintiff did not tender the car to defendant nor, as we have related hereinabove, did defendant demand the return of the car from plaintiff.
On October 2, 1951, the plaintiff instituted this suit on the note and requested the issuance of a writ of sequestration. After the writ was issued plaintiff’s attorney contacted the Deputy Sheriff and informed him that the car was located in the aforesaid garage and that there was no need for the Deputy to physically make a seizure thereof.
The initial question posed for our consideration is whether plaintiff is entitled to a judgment on the note.
We are of the opinion that the plaintiff is not entitled to a judgment on the note. When plaintiff, without the express or tacit consent of the defendant, unlawfully caused its agents to visit the defendant’s home, during his absence and remove his automobile, which was security for’ the note, convert it to their own use, and immediately thereafter sell the car to a third person, the debt due by defendant to plaintiff was ipso facto extinguished. It mattered riot that defendant’s wife, without his consent, authorized plaintiff to take possession of the car because a married woman cannot make an unauthorized surrender of community property in settlement of a community debt without the consent of her husband.
Assuming arguendo, a view most favorable to the plaintiff, that they did have the consent -of .defendant to take possession of the automobile and resell it, plaintiff still cannot recover on the note for the reason that the doctrine expressed in the cases of Home Finance Service v. Walmsley, La.App., 176 So. 415; Southland Investments, Inc. v. Lofton, La.App., 194 So. 125 and Futch v. Gregory, La.App., 40 So. 2d 830, would apply. The foregoing cases hold that the deficiency judgment act, No. 28 of 1934 LSA-R.S. 13:4106 to-13:4108, ■which prohibits deficiency judgments in ju-, dicial sales made without appraisal and prohibits the waiver of the benefits of the act by a debtor as being against public policy applies to a private, sale; and that the debt was extinguished with -the private sale.
Defendant,, in .his reconventional demand, prays for damages and attorneys’ fees based on the dissolution of the writ of sequestration. Defendant, as the record conclusively discloses, was in arrears in his-installment -payments -on the note secured by the chattel mortgage and, therefore, plaintiff was, under ordinary circumstances, entitled to obtain the issuance of the writ. In addition thereto, defendant is not entitled to any damages resulting from the issuance of the writ in view of the fact that it w;as never executed nor was any physical seizure made thereunder. The unlawful seizure initially occurred when plaintiff’s representative, accompanied by defendant’s, wife, visited his home and took possession of the car. The defendant, however, is entitled to damages for the aforementioned illegal seizure and conversion of the car by plaintiff without the institution of any legal proceedings whatsoever. The court, a qua, was of the opinion, in which we concur, that damages in the amount of $250 are sufficient remuneration for this illegal seizure. Defendant is not entitled to the recovery of attorney’s fees since his damages arise .by virtue of the tortious illegal conversion of his property, nor is he entitled to recover for the alleged loss of his tools, since the record does not reflect sufficient proof relative to the value of these, items.
For the reasons assigned the judgment appealed from is affirmed. '
Affirmed.