89 So.2d 442 (1956)
DAVID INVESTMENT COMPANY, Inc., Plaintiff-Appellant,
v.
Mrs. Beatrice WRIGHT, Defendant-Appellee.
No. 4253.
Court of Appeal of Louisiana, First Circuit.
June 29, 1956.
Rehearing Denied September 24, 1956.
*443 Ponder & Ponder, Amite, for appellant.
France W. Watts, Jr., Franklinton, for appellee.
TATE, Judge.
Plaintiff, David Investment Company, Inc., instituted this suit against the defendant, Mrs. Beatric Wright, in order to recover a deficiency judgment of $670, with interest, 15% attorney's fees, and all costs of Court. The principal defense was that plaintiff is not entitled to a deficiency judgment since it provoked a private sale without appraisement of the mortgaged property in contravention of the Deficiency Judgment Act, LSA-R.S. 13:4106 et seq.
The trial court sustained defendant's exception of no cause or right of action and dismissed plaintiff's suit. Plaintiff has appealed from this judgment.
The plaintiff had previously filed suit against the defendant to enforce by executory process a promissory note secured by a chattel mortgage on seven cows described therein. Only four of the seven head of cattle were seized, and defendant recovered possession of these cattle under bond. The defendant sought in vain to enjoin the proceedings, and plaintiff and defendant then entered into the following stipulation:

"Stipulation to Sell Cattle Under Seizure
"Know All Men By These Presents That the defendant wanting to dispose of the cattle held under seizure to avoid further cost, and in view of the declining cattle market, it is mutually agreed and stipulated by and between David Investment Company, Inc., through undersigned counsel, and the defendant, Mrs. Beatrice Wright, through her undersigned counsel, that the defendant be and she is hereby authorized to sell the cows which are under seizure herein and deposit the proceeds thereof in the registry of the Court to await the final outcome of this suit; the intent of this agreement being to authorize the Court to hold under seizure the proceeds of the sale of said cows in lieu of the cows themselves.
"This agreement is without prejudice to any legal rights either of the parties may have in this suit, the private sale herein authorized to have the same effect as if said defendant had produced said cows under her forthcoming bond, and they were sold at public auction by the sheriff. All rights of plaintiff may have to sue for a deficiency judgment are reserved to said plaintiff, and all rights are reserved to the defendant under her injunction to restrain the disbursement of the proceeds of this sale until final judgment in this case.
"Thus done and signed on this ___ day of December, 1953, at Amite, Louisiana.
 David Investment Company, Inc.
 By L. B. Ponder, Jr.
 L. B. Ponder, Jr. Attorney
 Mrs. Beatrice Wright
 By Fannie E. Burch
 Fannie E. Burch, Attorney
Witnesses:
 Genell W. Statham
 Mabel B. Finch"
One of the cows bonded to the plaintiff had died, so that three of the four cattle originally seized in these executory proceedings were sold at public auction under *444 the stipulation set forth above. After court costs were deducted, plaintiff received the sum of $143.27, which was credited on the note.
The plaintiff mortgagee had seized a part of the mortgaged property as was its right. It had the legal right to have said property sold at sheriff's sale with proper appraisement. Upon obtaining the amount of the sale price, minus costs incurred, the mortgagee then had the right to obtain a deficiency judgment for the balance then due on the secured debt.
However, mortgagee, holding the legal rights set forth, consented at mortgagor's insistence to release the cattle seized to the mortgagor in order "to avoid further costs and to secure a better price in the decreasing cattle market."
Without doubting appellant's argument that in this present instance it was to the benefit of the mortgagor for her to sell the cattle at the public cattle auction barn, in view of the declining market and to save the additional court costs and expense of advertising for a judicial sale, nevertheless under the stringent public policy provisions of the Deficiency Judgment Act as interpreted, a mortgage creditor is absolutely barred from a deficiency judgment where he provokes a sale, judicial or private, without the benefit of appraisement, LSA-R. S. 13:4106, see cases cited Soileau v. Pitre, La.App. 1 Cir., 79 So.2d 628. As we stated therein, 79 So.2d 631: "To enforce the contract entered into by the parties to this suit would, in effect, give the Court's approval to a contract entered into to circumvent the Legislative will and the public policy of this state."
Plaintiff-appellant ably urges that the present situation is governed by our recent case of Hammond Finance Co. v. Carter, La.App. 1 Cir., 83 So.2d 682. The crux of our holding there was that "the sole function of the mortgagee herein insofar as the mortgagor was concerned was to release one of the three mortgaged articles from the chattel mortgage, in return for receipt of all or a portion of a purchase price agreed on independently by a mortgagor and a third party," 83 So.2d 685.[1]
But we specifically commented that perhaps a different situation would be presented if "the mortgagee finance company had actively participated in the sale by suggesting it," etc. 83 So.2d 684. Here the mortgagee's conduct not only promoted or induced the sale, it actually "provoked" it by the judicial seizure, so as to bring the sale squarely under the provisions of the Deficiency Judgment Act. The mortgagee was required to have had an appraisal in advance of the sale, with the sale at a price within the limits set by law with relation to said judicial appraisal, in order to preserve its rights to a deficiency judgment under the circumstances of this case.
We think the district court correctly relied upon Farmerville Bank v. Scheen, La. App., 76 So.2d 581, where in the absence of appraisal, the bona fide sale by the mortgagee at public auction of the mortgaged automobile (even though at the suggestion of the mortgagor) was held nevertheless not to prevent application of the Deficiency Judgment Act.
For the above and foregoing reasons the judgment of the District Court herein is affirmed.
Affirmed.
NOTES
[1] The basic reason for the decision was set forth as follows, 83 So.2d 685:

"If the simple action of the mortgagee creditor in accepting a portion of the purchase price of a sale of one of several mortgaged articles made by a mortgagor to a third party, and releasing the mortgage insofar as the property sold to the third party was concerned, justified application of the Deficiency Judgment Act, the several items of property included in a single mortgage or chattel mortgage would be effectively removed from commerce."