99 So.2d 481 (1958)
ATLAS FINANCE CORPORATION
v.
Oreace WHITEHEAD.
No. 20722.
Court of Appeal of Louisiana, Orleans.
January 6, 1958.
James H. Drury, and Charles A. Kronlage, Jr., New Orleans, for defendant-appellant.
Sidney de Armas, New Orleans, for plaintiff-appellee.
REGAN, Judge.
Plaintiff, Atlas Finance Corporation, the holder and owner in due course of a promissory note dated March 3, 1954, in the amount of $763.50, secured by a chattel mortgage on a 1949 Mercury automobile, instituted this suit against the defendant, Oreace Whitehead, the maker of the above note, endeavoring to recover the sum of $385.45, together with interest and attorney's fees, which represented the balance due on the note after applying thereto other credits and the proceeds of the private sale without appraisement of the foregoing *482 automobile, which the defendant had voluntarily returned to the plaintiff for this purpose, in conformity with their agreement.
No answer was filed by the defendant, and accordingly a deficiency judgment by default was rendered in favor of the plaintiff as prayed for and against the defendant, from which he has prosecuted this appeal.
The only question which this case has posed for our consideration is one of law, and that is whether a mortgage creditor is prohibited from obtaining a deficiency judgment against the mortgage debtor where he provokes a judicial or private sale of the mortgaged property without benefit of appraisement.
It is almost too well settled to need citation in support thereof that by virtue of the public policy provisions of the Deficiency Judgment Act[1] a mortgage creditor is barred from obtaining a deficiency judgment where he provokes a sale, judicial or private, without benefit of appraisement, notwithstanding the sale was effected pursuant to a stipulation or an existing agreement between the mortgagor and the mortgagee.[2]
For the reasons assigned the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that there be judgment in favor of defendant and against plaintiff dismissing its suit at its costs.
Reversed.
NOTES
[1] "In any case where any mortgagee or other creditor takes advantage of the waiver of appraisement of the debtor and provokes a judicial sale, without the benefit of appraisement, of the encumbered property, whether real or personal, or of both characters, and the proceeds of such sale are insufficient to satisfy the debt for which the property is sold, the debt nevertheless shall stand fully satisfied and discharged, and such mortgagee or other creditor shall not thereafter have the right to proceed against the debtor or any other of his property for such deficiency, in any manner whatsoever. * *

"R.S. 13:4106 declares a public policy and the provisions thereof can not, and shall not be waived by a debtor, but it shall only apply to mortgages, contracts, debts or other obligations made, or arising on or after August 1, 1934." LSA-R.S. of 1950, 13:4106, 4107.
[2] David Investment Company v. Wright, La.App.1956, 89 So.2d 442; Soileau v. Pitre, La.App.1955, 79 So.2d 628; Liberal Finance Corp. v. Washington, La.App.1953, 62 So.2d 545; Farmer v. Smith, La.App.1952, 57 So.2d 778, 779; Home Finance Service v. Walmsley, La.App.1937, 176 So. 415.