AYRES, Judge.
This action was brought by plaintiff as the holder of an ordinary promissory note executed and signed by defendant, .representing the purchase price of a Brahma bull purchased by defendant of plaintiff. Following trial defendant was condemned to pay the balance due on the note, after application thereon of the proceeds of the sale of said property at an auction sale. From the judgment thus rendered and signed, defendant has appealed.
These defenses are urged: First, that the bull was repossessed without defendant’s consent; second, that he is relieved from the payment of the aforesaid purchase price because the animal was mortgaged, a fact unknown to him when the purchase was made, and, third, that by reason of the fact that the bull was sold under a mortgage without the benefit of appraisement, defendant was released and discharged from the payment of the unsatisfied portion of said indebtedness. This defense is predicated upon the provisions of LSA-R.S. 13:4106 — the Deficiency Judgment Statute.
The pertinent facts are that plaintiff sold this bull to defendant, for which the latter executed his ordinary promissory note for $450 dated April 29, 1951. For more than five years defendant had possession and use of the animal, during which time he made only two annual payments of interest. However, prior to the sale, plaintiff mortgaged the property to W. H. Hodges Company of Alexandria, Louisiana, for an amount approximating the sale price to defendant. Plaintiff’s indebtedness to Hodges being in arrears, payment was insisted upon and plaintiff in turn made demand for payment of his note upon defendant. The defendant being unable to discharge his indebtedness, the animal was delivered by him to Hodges and sold at auction, the proceeds of which were credited by Hodges to plaintiff’s chattel mortgage note and plaintiff in turn entered the same credit on defendant’s note held by him.
The first of defendant’s contentions is clearly without merit. The evidence does not support the proposition urged. Plaintiff testified defendant gave permission for the sale of the animal and so did John McCampbell, manager of W. H. Hodges Company, who also testified that a member of defendant’s family, defendant’s son-in-law, phoned him to send a truck for the animal, which had been penned for the purpose of delivery. The bull was wild and unruly and three attempts were made over a period of time to pen and load it on a truck. Defendant, on some of those occasions, was present and assisted in the loading. Defendant admits he sent word to McCampbell by his son-in-law, Roy Borde-lon, to send for the animal. The obvious conclusion is that the animal was removed from defendant’s premises and possession with his permission and consent. No other conclusion would be consistent with the facts as established in the record.
The next contention is that, under the provisions of LSA-C.C. Arts. 2501 and 2557, a debtor is relieved of payment of the *518 deferred purchase price of a thing which is subject to a mortgage of which he had no knowledge. The question presents a factual issue as to defendant’s knowledge of the chattel mortgage theretofore executed and delivered by plaintiff Quirk to W. H. Hodges Company, an issue resolved against defendant by the trial court. The testimony shows that defendant had had many dealings with both plaintiff and Hodges, and we are impressed that defendant well knew of the mortgage. Quirk most positively testified to that fact. Moreover, other sales had been similarly made. A course of conduct had been pursued from which it could only be concluded defendant had full knowledge of the mortgage. On several occasions plaintiff sold defendant cattle which plaintiff had mortgaged to Hodges. Plaintiff had Hodges’ consent to make such sales. As to these sales plaintiff was not paid directly by defendant the purchase price, but defendant executed his obligation, or obligations, to Hodges, who would then credit plaintiff on his indebtedness. Apparently both plaintiff and defendant were dependent financially upon W. H. Hodges Company. But, on the occasion of this sale, when the same procedure was attempted, defendant’s indebtedness to Plodges was such that Hodges was unwilling to grant further credit to him but preferred instead to hold plaintiff’s obligation in the form of the aforesaid chattel mortgage; hence, the reason for Hodges’ refusal to continue the practice theretofore followed. Therefore, the Codal provisions relied upon are without application because defendant had knowledge of the chattel mortgage when he made the purchase.
Neither does the testimony support defendant’s contention that he consented to the removal of the animal from his possession and into the custody of W. H. Hodges Company, with the understanding that his note to Quirk would be returned to him. Quirk denies it, as does John McCampbell.
Neither do we find the Deficiency Judgment Statute applicable. Defendant delivered the animal to W. H. Hodges Company, plaintiff’s mortgagee. Defendant was neither liable for nor obligated to pay plaintiff’s mortgage note to Hodges. There were in reality two transactions — the first between plaintiff and W. H. Hodges Company, evidenced by plaintiff’s obligation to Hodges, and the second defendant’s obligation on an ordinary promissory note to plaintiff. There was no irregularity in the sale from plaintiff to defendant as plaintiff had secured permission from the mortgagee to make the sale. There is no attempt to hold defendant on the deficiency of the chattel mortgage note executed by plaintiff. The obligation sued upon constituted neither a mortgage nor encumbrance upon defendant’s property, which he surrendered to a third party and consented to its sale, the proceeds of which were, with defendant’s consent, credited upon his indebtedness to plaintiff, which indebtedness constitutes the basis for this action. The statute relied upon clearly is without application.
In reaching this conclusion, we are not unmindful that private sales of mortgaged or encumbered property to pay the indebtedness secured thereby, as well as judicial sales without appraisement, come within the prohibition of the statute, and, under either method of procedure, the ob-ligor is relieved and discharged for any deficiency that may remain upon such secured obligations. As pointed out, the defendant here delivered the animal for sale, with the agreement that the proceeds thereof would be credited to his unsecured obligation to plaintiff. He received full credit therefor. He is without right to complain.
Moreover, the equities of the matter are not with defendant. Defendant possessed the animal for the maximum period of time for which it could be of service in his herd —he then desired to dispose of it. After receiving the maximum use and benefit of the animal, it would be most unreasonable and inequitable for defendant to be relieved of his obligation to pay the purchase price.
*519 For the foregoing reasons, we are of the opinion that the trial court correctly appraised the facts and properly applied the law thereto.
Accordingly, the judgment appealed is affirmed at appellant’s cost.
Affirmed.