113 So.2d 476 (1959)
SHREVEPORT AUTO FINANCE CORPORATION, Plaintiff-Appellee,
v.
Chester A. HARRINGTON, Defendant-Appellant.
No. 9043.
Court of Appeal of Louisiana, Second Circuit.
June 16, 1959.
Louis Lyons, Bossier City, for appellant.
Tooke, Tooke & Gallagher, Shreveport, for appellee.
HARDY, Judge.
Plaintiff brought this suit as the owner and holder of a promissory note executed by the defendant in the principal sum of $300. From a judgment in favor of plaintiff for the amount of the note with interest, attorney's fees and costs, the defendant has appealed.
The testimony on trial of this case was not transcribed, and a stipulation of fact was executed by counsel for the parties *477 litigant and filed in the record. The stipulation recites that defendant bought an automobile from the Saxon Auto Sales, making a small down payment and giving a note for the balance; that he found himself unable to meet his obligation on the note and advised the Saxon Auto Sales that he wished to surrender the car and be relieved of the balance due; that "Saxon Auto Sales agreed to allow him to do this, explaining that market value of the car had dropped, and it would be necessary to give a note for $300, to reimburse them for the loss. Defendant gave the note and signed title to the car." Upon defendant's failure to make payment of the $300 note, this suit was instituted by plaintiff, Shreveport Auto Finance Corporation, which was named as payee in the note.
Defendant pleads lack of consideration on the ground that the transaction which gave rise to the execution of the note sued upon was in direct violation of the provisions of LSA-R.S. 13:4106 and 13:4107.
The provisions of the statutes relied upon have been so uniformly interpreted by the courts of this State that their clear intent, purpose and the strict construction thereof as pronouncements of public policy no longer admit of dispute. As was stated, by our brethren of the First Circuit, in David Investment Co. v. Wright, La.App., 89 So.2d 442, the stringent public policy provisions of LSA-R.S. 13:4106 absolutely prohibit the rendition of a deficiency judgment in favor of a mortgage creditor in instances where such creditor has provoked a sale, judicial or private, without the benefit of appraisement. The same principle had previously been announced and followed by the same court in Soileau v. Pitre, La.App., 79 So.2d 628, and by this court in Farmerville Bank v. Scheen, La. App., 76 So.2d 581. One of the latest pronouncements to the same effect was by the Orleans Court in Atlas Finance Corporation v. Whitehead, La.App., 99 So.2d 481.
We think there is no question as to the error of law which is reflected by the judgment appealed from, and, accordingly,
It Is Ordered, Adjudged And Decreed that the judgment appealed from be, and it is, annulled, set aside and reversed, and there is now judgment in favor of defendant-appellant, Chester A. Herrington, rejecting plaintiff's demands at its cost.