159 So.2d 377 (1964)
A. J. GUMINA
v.
Peter T. DUPAS et al.
No. 1216.
Court of Appeal of Louisiana, Fourth Circuit.
January 6, 1964.
*378 Irwin, Seelig & Nelkin, David H. Seelig, New Orleans, for A. J. Gumina, appellee.
John M. Holahan, New Orleans, for Ralph Dupas, appellant.
Before McBRIDE, YARRUT and CHASEZ, JJ.
McBRIDE, Judge.
Ralph Dupas has sued for the nullity and to restrain execution of a judgment in personam for $2,643, etc., obtained by A. J. Gumina by default against him for the deficiency balance remaining due on a promissory note after foreclosure of the mortgage on certain real property securing payment of the indebtedness, and appeals from the judgment sustaining the exception of no cause of action interposed by Gumina and dismissing said action of nullity.
One of the asserted grounds for nullity of the judgment is: No appraisement of the mortgaged property was made prior to its sale by the Sheriff under the executory process.
LSA-C.C.P. art. 2723 provides that prior to the sale (in executory proceedings) the property seized must be appraised in accordance with law unless appraisal has been waived in the act evidencing the mortgage or privilege and plaintiff has prayed that the property be sold without appraisement, and the order directing the issuance of the writ of seizure and sale has directed the property to be sold as prayed for.
Under LSA-C.C.P. art. 2771 the creditor may obtain a judgment against the debtor for any deficiency due on the debt after the distribution of the proceeds of the judicial sale only if the property has been sold under the executory proceedings after appraisal in accordance with the provisions of Art. 2723, LSA-C.C.P.
In Dupas' petition for nullity the exact allegation is "the property was sold without appraisement." It is well settled that for the purpose of considering an exception of no cause of action, the averments of plaintiff's petition are to be taken as true.
It is provided in LSA-R.S. 13:4106, as amended:
"If a mortgagee or other creditor takes advantage of a waiver of appraisement of his property, movable, immovable, or both, by a debtor, and the proceeds of the judicial sale thereof are insufficient to satisfy the debt for which the property was sold, the debt nevertheless shall stand fully satisfied and discharged insofar as it constitutes a personal obligation of the debtor. The mortgagee or other creditor shall not have a right thereafter to proceed against the debtor or any of his other property for such deficiency, * * *."
LSA-R.S. 13:4107 reads:
"R.S. 13:4106 declares a public policy and the provisions thereof can not, and shall not be waived by a debtor, * * *."
LSA-C.C. art. 12 tersely and emphatically states: "Whatever is done in contravention of a prohibitory law, is void, although the nullity be not formally directed."
In Shreveport Auto Finance Corporation v. Harrington, La.App., 113 So.2d 476, our colleagues of the Second Circuit said:
"The provisions of the statutes relied upon have been so uniformly interpreted by the courts of this State that their clear intent, purpose and the strict construction thereof as pronouncements of public policy no longer admit of dispute. As was stated, by our brethren of the First Circuit, in David Investment Co. v. Wright, La.App., 89 So. 2d 442, the stringent public policy provisions of LSA-R.S. 13:4106 absolutely *379 prohibit the rendition of a deficiency judgment in favor of a mortgage creditor in instances where such creditor has provoked a sale, judicial or private, without the benefit of appraisement. The same principle had previously been announced and followed by the same court in Soileau v. Pitre, La.App., 79 So.2d 628, and by this court in Farmerville Bank v. Scheen, La.App., 76 So. 2d 581. One of the latest pronouncements to the same effect was by the Orleans Court in Atlas Finance Corporation v. Whitehead, La.App., 99 So. 2d 481."
The fact that Dupas made no defense and permitted the entry of the default judgment does not operate as an estoppel to his claiming its nullity. Any judgment rendered for the deficiency balance due on the note, whether by default or otherwise, would have been void ab initio and without legal existence because the law ordained that the debt stood fully satisfied and that the creditor could take no judgment thereon, and Dupas, or any interested person, may show such nullity whenever the judgment is sought to be enforced. No action or inaction of Dupas could possibly revive the indebtedness or warrant the issuance of a valid judgment. Individuals can not by their conventions derogate from the force of laws made for the preservation of public order or good morals. LSA-C.C. art. 11. Were it to be held that Dupas is estopped because he did not resist or defend the suit would be the equivalent of saying he waived the benefits of LSA-R.S. 13:4106 which he can not do under the provisions of LSA-R.S. 13:4107 and LSA-C.C. art. 11.
The Supreme Court in Cilluffa v. Monreale Realty Co., Inc., 209 La. 333, 24 So.2d 606, held:
"It is well settled that an agreement void as against public policy or because prohibited by law cannot be rendered valid by invoking the doctrine of estoppel.
"`An acknowledgment can never be invoked to maintain a condition or state of things created in violation of a prohibitory law.' Factors' & Traders' Ins. Co. v. New Harbor Protection Co. et al., 37 La.Ann. 233.
"`* * * the courts * * * recognize the doctrine that estoppel cannot be invoked to impair the force and effect of a prohibitory law.' Rhodes v. Miller, 189 La. 288, 179 So. 430, 432.
"`A contract malum in se or against public policy cannot be made valid by ratification; and the same is generally true of contracts forbidden by statute.' 17 C.J.S., Contracts, § 279, page 668.
"`* * * The doctrine of estoppel by conduct or by laches has no application to an agreement or instrument which is illegal because it violates an express mandate of the law or the dictates of public policy.' 12 Am.Jur., Section 222, page 740."
The rule that the judgment silences all defenses which might have been urged against its rendition cannot be invoked in an action such as this seeking nullity of a judgment, the rendition of which is absolutely prohibited.
Although the courts do not sanction negligence or laches, they have not hesitated to afford relief against judgment irrespective of any issue of inattention or neglect, when the circumstances under which the judgment is rendered show the deprivation of the legal rights of the litigant who seeks relief, and when the enforcement of the judgment would be unconscientious and inequitable. City of New Orleans v. LeBourgeois, 50 La.Ann. 591, 23 So. 542; cf. Bell v. Holdcraft, La.App., 196 So. 379; Sandfield Oil & Gas Co., Inc. v. Paul, La. App., 7 So.2d 725; Vinson v. Picolo, La. App., 15 So.2d 778.
In Vinson v. Picolo the court observed:
"* * * Our courts will follow the general principles of equity jurisprudence *380 applied by the equity courts of the other states of this country in actions of this character. Lazarus v. McGuirk, 42 La.Ann. 194, 200, 8 So. 253; City of New Orleans v. LeBourgeois, 50 La.Ann. 591, 592, 23 So. 542."
In view of the above, the exception of no cause of action was improperly sustained, and it is now ordered, adjudged and decreed that the judgment appealed from insofar as it dismisses the suit be reversed and the exception be dismissed, and in all other respects the judgment is affirmed; all costs in the lower court are to await a final determination of the cause; costs of appeal to be borne by appellee.
Reversed in part; affirmed in part.