SAVOY, Judge.
Defendant appeals from an adverse judgment rendered against him in the district court.
The instant case was tried pursuant to the following stipulation:
“It is agreed and stipulated to by counsel for both parties hereto that the following statement of fact comprises the transaction out of which this suit arises:
“The defendant, V. G. Kahey, wishing to purchase a 1959 Ford tractor with certain special equipment thereon, went to the Patrick-Miller Tractor Company and discussed the matter with Mr. W. R. Miller, the manager thereof. Mr. Miller offered to sell Kahey a tractor equipped as he wished for the sum of Twenty-five Hundred and Seventy-Five ($2575.00) Dollars, but he advised Kahey that he would not finance it; that that was a cash selling price. Kahey, being unable to pay the cash price, sought assistance in the financing of it. He then went to see Mr. Pearson, with whom he had done previous business, and asked Mr. Pearson to assist him in getting the tractor. Mr. Pearson told him he was willing to finance a portion of the tractor, but that he would have to make a down payment on it. Kahey told Mr. Pearson that he was unable right then to pay any cash money, but that if Pearson would lend him the money to make the down payment, he would give him a mortgage on his property situated in Sabine Parish, Louisiana, and described in the mortgage which is annexed to plaintiff’s petition herein. Mr. Pearson agreed to lend him, and did lend him Six Hundred ($600.00) , Dollars in cash and Kahey paid to Mr. Pearson the Six Hundred ($600.00) Dollars and gave Mr. Pearson a mortgage on his property, as above referred to, in the sum of Six Hundred Fifty ($650.00) Dollars, which covered the amount of the loan and fees and insurance; the insurance referred to being life insurance which is written in connection with the loans made by Pearson. Mr. Pearson in the meantime had purchased the tractor wanted by Kahey, from Patrick-Miller Tractor Company, and *779 the title was in Pearson. Pearson sold the tractor for the Six Hundred Dollar down payment which was referred to, plus a note and chattel mortgage on the tractor, for the sum of Twenty-Two Hundred Fifty-Six Dollars and Thirty Cents ($2256.30). This was the selling price of the tractor, which was Twenty-Five Hundred Seventy-Five ($2575.00) Dollars, plus Twenty-Five ($25.-00) Dollars for additional equipment including some grabs that he wanted, making a total of Twenty-Six Hundred ($2600.00) Dollars, less the down payment which Kah-ey had paid in cash of Six Hundred ($600.-00) Dollars, leaving a balance of Two Thousand ($2000.00) Dollars to be financed. The finance charges, documentary fee and the insurance on Kahey during the term of the loan came to Two Hundred Fifty-Six Dollars and Thirty Cents ($256.30), making the total of the note Twenty-Two Hundred Fifty-Six Dollars and Thirty Cents ($2256.-30), payable in fifteen equal monthly installments of One Hundred Fifty Dollars and Forty-Two Cents ($150.42) each, beginning July 1, 1960. This sale to Kahey took place * * *.
“Kahey received possession of the tractor and used it in the woods for some three to four weeks, at which time the tractor was, by agreement between Kahey and Pearson, repossessed. Pearson later sold the tractor by private sale to Melvin Martinez of Zwolle, Louisiana, for the sum of Two Thousand ($2000.00) Dollars, to be paid in installments. * * * ”
The trial judge, in a well written opinion, has correctly decided the instant case, and we adopt his opinion as our own:
“This is a suit to foreclose a mortgage on fourteen and five-tenths acres of land situated in Sabine Parish, Louisiana, which is more particularly described in plaintiff’s petition. The mortgage was executed by the defendants in favor of the plaintiff to secure a note in the sum of $650, with interest and attorney’s fees thereon.
“The factual situation is outlined to a large extent in a stipulation of counsel.
“The defendants in this case contend that the note was given as a part of the purchase price of a tractor which was repossessed by the plaintiff and sold at private sale without appraisement. Further, defendants contend that the tractor was delivered to the plaintiff and the indebtedness was paid by a dation en paiement under the provisions of LSA-C.C. Art. 2655, which provides as follows:
“ ‘The giving in payment is an act by which a debtor gives a thing to the creditor, who is willing to receive it, in payment of a sum which is due.’
“Defendants further plead that payment was effected by the surrender of the property, which was sold at private sale without benefit of appraisement, and the dation en paiement was completed- under the provisions of LSA-R.S. 13:4106-07, which provide as follows:
“ ‘If a mortgagee or other creditor takes advantage of a waiver of ap-praisement of his property, movable, immovable, or both, by a debtor, and the proceeds of the judicial sale thereof are insufficient to satisfy the debt for which the property was sold, the debt nevertheless shall stand fully satisfied and discharged insofar as it constitutes a personal obligation of the debtor. The mortgagee or other creditor shall not have a right thereafter to proceed against the debtor or any of his other property for such deficiency, except as provided in the next paragraph.
“ ‘If a mortgage or pledge affects two or more properties, movable, immovable, or both, the judicial sale of any property so affected without appraisement shall not prevent the enforcement of the mortgage or pledge in rem against any other property affected thereby. As amended Acts 1952, No. 20, Section 1; Acts 1960, No. 32, Section 1.» LSA-R.S. 13:4106.
“ ‘R.S. 13:4106 declares a public policy and the provisions thereof can not, and shall not be waived by a debtor, but it *780 shall only apply to mortgages, contracts, debts or other obligations made, or arising on or after August 1, 1934.’ LSA-R.S. 13:4107.
“I do not think it necessary to outline the complete factual situation herein as it is contained in the stipulation of counsel and evidence of plaintiff. It appears that on or about the first day of June, 1960, the defendant, V. G. Kahey, had sought to purchase of Patrick-Miller Tractor Company a 1959 Ford tractor with certain equipment, which purchase price amounted to the sum of $2575 cash. The defendant, V. G. Kahey, not being possessed of funds with which to make the purchase, approached the plaintiff herein to secure the financial arrangement by which the purchase could be made. The plaintiff required a down payment of $600 on the tractor, and under this arrangement the defendants granted to plaintiff the mortgage and note herein sought to be foreclosed, for which the plaintiff issued to the defendant, V. G. Kahey, his check for the sum of $600. Then the plaintiff paid the remaining amount of the purchase with his own check for the difference, and secured the tractor from Patrick-Miller Tractor Company. The difference between the amount borrowed of $600 and the note herein sued upon for $650 is represented by insurance and other charges. The plaintiff having purchased the tractor from Patrick-Miller Tractor Company, then financed the remainder of the purchase price of $2200 to the defendants, for which a chattel mortgage and note were given to secure the payment..
“The defendant, V. G. Kahey, received possession of the tractor and used it in the woods for some three or four weeks and then returned it to the plaintiff, who later sold it at private sale, after repairing it, for the sum of $2,000.
“Referring now to the plea of dation en paiement, I do not think the facts in this case justify application of the codal articles with reference thereto as a dation en paiement requires a consent of the parties and there is no proof of this. Further, the burden of proving the defense of the payment of a note is on the defendant and the burden of proving also that the note here sued upon was paid by a dation en paiement and by return of the mortgaged property is on the debtor. There is no evidence whatever by the defendants here to bear this burden of proof; neither is there any evidence whatever that the creditor was willing to receive it in payment of the note herein sued upon. Mack Trucks, Inc. v. Magee, La.App., 141 So.2d 85. Since there is no evidence in the record to substantiate this defense, I do not feel called upon to further discuss it here.
“The second defense herein is that the surrender of the tractor by the debtor to the creditor and the sale at private sale without appraisement constitutes a payment of the indebtedness against it. Defendant cites in support of his contention herein the case of Soileau v. Pitre, [La.App.] 79 So.2d 628; Simmons v. Clark, [La.App.] 64 So.2d 520; Futch v. Gregory, [La.App.] 40 So.2d 830; Home Finance Service v. Walmsley, [La.App.] 176 So. 415; and Shreveport Auto Finance Co. v. Harrington, [La.App.] 113 So.2d 476. This principle of law is very firmly embedded and rooted in our jurisprudence and the cases are legion to the same effect that if the property under mortgage is sold at judicial sale or repossessed and sold at private sale, without benefit of appraisement, it extinguishes the debt which encumbers the property sold. The language of the statute also provides that it satisfies the ‘debt for which the property was sold’ and which in this instance was the chattel mortgage note for $2200, being the only then existing debt against the property surrendered. However, it is not under every factual situation that this principle is applied and the defendant relieved of liability. Quirk v. Normand, 103 So.2d 516, (La.App., Second Circuit, 1958).
“I do not find that the cases cited supra by defendants are apposite or may be applied to the factual situation that exists *781 in this case. There is no question that the plaintiff received the tractor from the defendants and sold it without appraisement for the sum of $2,000, which was less than the privileged indebtedness against it. Therefore, there could be no action for a deficiency judgment on the chattel mortgage note, which was satisfied by this manner of sale. However, I do not think that the law justifies a return of the down payment. In this case the defendant, V. G. Kahey, is an impecunious colored man and I do not believe the plaintiff would have consented to purchasing the property for him and selling it to him without a down payment, and the evidence in the record is that the note herein sued upon was for a down payment on the tractor, just as if it had been made in cash or trading in an automobile or otherwise. The indebtedness herein constituted no part of the indebtedness secured by the chattel mortgage which encumbered the tractor. No case has been cited to me, and I know of none, that holds that a return of the down payment might be required where the property is returned in this manner and sold at private sale. A true test of this might be envisioned by posing the hypothetical query that if a judicial sale had been provoked and the property had sold for more than the note secured by the chattel mortgage, who would have been entitled to the over-plus? I am clearly of the opinion that the mortgagor would have been entitled to the over-plus and that the plaintiff herein would not have been entitled to demand this amount. The note and mortgage herein sued upon is not and was not an enforceable obligation or privileged indebtedness on the property sold. It was upon other property, under different terms and conditions, and a reference to the acts of mortgage filed herein will show that the terms and conditions of the two mortgages were entirely different, as well as the amounts, method and manner of payments.
“Defendants contend that the note here sued upon was given as additional security, but the evidence does not support this contention.
“As I view it, the purpose of the Deficiency Judgment Statute from the time that it was first enacted and as it is now amended, is a statement of public policy that if property is sold either at judicial sale or private sale without appraisement, the judgment debtor is relieved of the payment of any deficiency upon the privileged indebtedness for which the property was encumbered and the amount for which the property was sold.
“I am further of the opinion that a reading of the Deficiency Judgment Statute, from the time of its first enactment through its amending acts and the cases construing it, conclusively shows that it is intended to relieve the debtor of any liability for the indebtedness encumbering the property only.
“However, I am of the opinion that this is an entirely different and separate transaction from the indebtedness and the chattel mortgage on the tractor and is enforceable as such. I cannot see that equity prevailed in favor of the defendants in this case for the reason that the tractor was taken with no other down payment than the mortgage and note herein sought to be foreclosed, and upon which they have paid nothing; and to bring the tractor back after several weeks use in the woods and say that not only was the indebtedness against it cancelled, but the mortgage given for the down payment was not effective, is not an equitable situation to be sanctioned.
“At the time of rendering judgment I was, and am now, of the opinion that the defendants have failed to bear the burden of proof of payment of the indebtedness herein sued upon, and that the plaintiff should have judgment on the note and mortgage as sued upon. * * * ”
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.