REID, Judge.
Plaintiff, Josephine F. Wall, filed this suit as a foreclosure by executory process against James M. McKean and Glenda T. McKean on a note dated October 15, 1963, payable sixty days after date, which note bears interest at the rate of 8% on *483 the unpaid balance from date and is paraph-ed ne varietur for identification with a chattel mortgage executed on October 15, 1963 before Frank M. Edwards, Notary Public. This chattel mortgage is recorded in Chattel Mortgage Book 98, page 6.
The foreclosure was against a number of dairy cattle and the plaintiff in addition to interest sought attorneys fees in the amount of 25%.
This mortgage was a second mortgage on cattle. The first mortgage being held by the Guaranty Bank and Trust Company at its Kentwood Branch. This was done in order to enable the defendants to finance the purchase of said cattle and the second mortgage was for the balance of the sales price due on the purchase of the cattle.
There were certain payments made on the note but the mortgage being in default, the plaintiff instituted this foreclosure proceeding by executory process and had the cattle seized, less those that had been stolen or died.
Under an agreement between defendants and plaintiff and/or through her counsel of record, a private sale was agreed upon on or about April 24, 1966. The cattle were voluntarily delivered to the auction barn selected by plaintiff and her counsel, on or about April 22, 1966 or April 23, 1966.
All the cattle which had been mortgaged to plaintiff were sold and a check representing the proceeds of these mortgaged cattle was delivered to the Guaranty Bank and Trust Company, Kentwood Branch at Kentwood, Louisiana, holder of the first mortgage. Proceeds were sufficient to pay off the first mortgage to Guaranty Bank and Trust Company, and the balance of $292.01 was applied to plaintiff’s mortgage.
After the sale and after the funds had been delivered plaintiff attempted to convert the executory process proceeding which had been filed and the cattle had been seized thereunder into an ordinary proceeding, and caused a writ of attachment issued seizing all other cattle, and movable effects of the defendants. Defendant filed a motion to dissolve the writ of attachment and prayed for attorneys fees. The matter was taken up and tried and the writ of attachment was dissolved and attorneys fees awarded defendant in the amount of $300.00. No appeal was taken from said judgment, dissolving the writ of attachment, either suspensively or devolutively.
The defendants then filed an answer and reconventional demand for damages resulting from the illegal attachment and the same was tried on the merits. The Trial Court rendered judgment in favor of plaintiff for the amount of $2500.00, plus 8% per annum interest from December 15, 1963 until paid, and plus 25% attorneys fees on principal and interest, subject to the credit of $292.01, and defendants cast for the costs. From this judgment the defendants have brought this appeal.
The only issue before the Court is whether the plaintiff is entitled to a deficiency judgment on the mortgage note after a voluntary private sale of the cattle covered by the mortgage, which sale was made without the benefit of appraisement.
The State of Louisiana had fixed as its public policy by LSA-R.S. 13:4106 a prohibition against a deficiency judgment if the sale is made without appraisement.
“R.S. 13:4106: If a mortgagee or other creditor takes advantage of a waiver of appraisement of his property, movable, immovable, or both, by a debtor, and the proceeds of the judicial’sale thereof are insufficient to satisfy the debt for which the property was sold, the debt nevertheless shall stand fully satisfied and discharged insofar as it constitutes a personal obligation of the debtor. The-mortgagee or other creditor shall not have a right thereafter to proceed' against the debtor or any of his other property *484 for such deficiency, except as provided in the next paragraph.
If a mortgage or pledge affects two or more properties, movable, immovable, or both, the judicial sale of any property so affected without appraisement shall not prevent the enforcement of the mortgage or pledge in rem against any other property affected thereby.”
“R.S. 13:4107: R.S. 13:4106 declares a public policy and the provisions thereof can not, and shall not be waived by a debtor, but it shall only apply to mortgages, contracts, debts or other obligations made, or arising on or after August 1, 1934.”
“C.C.P. Art. 2771: The creditor may obtain a judgment against the debtor for any deficiency due on the debt after the distribution of the proceeds of the judicial sale only if the property has been sold under the executory proceeding after appraisal in accordance with the provisions of Article 2723.”
Appellee has filed no Brief in this case and there are no written reasons in the record to show how the Trial Judge arrived at his decision herein.
The case of David Investment Co. Inc. v. Wright, La.App., 89 So.2d 442 decided by this Court is directly in point. In the David case, supra, the Court held directly that where a seizure of cattle has been made under a chattel mortgage and after said seizure, a private sale is agreed upon between the parties, and a reservation was made for a deficiency judgment in favor of plaintiff it would not permit this and held as follows:
“Without doubting appellant’s argument that in this present instance it was to the benefit of the mortgagor for her to sell the cattle at the public cattle auction barn, in view of the declining market and to save the additional court costs and expense of advertising for a judicial sale, nevertheless under the stringent public policy provisions of the Deficiency Judgment Act as interpreted, a mortgage creditor is absolutely barred from a deficiency judgment where he provokes a sale, judicial or private, without the benefit of appraisement, LSA-R.S. 13:4106, see cases cited Soileau v. Pitre, La.App. 1 Cir., 79 So.2d 628. As we stated therein, 79 So.2d 631: ‘To enforce the contract entered into by the parties to this suit would, in effect, give the Court’s approval to a contract entered into to circumvent the Legislative will and the public policy of this state.’
We think the district court correctly relied upon Farmerville Bank v. Scheen, La.App., 76 So.2d 581, where in the absence of appraisal, the bona fide sale by the mortgagee at public auction of the mortgaged automobile (even though at the suggestion of the mortgagor) was held nevertheless not to present application of the Deficiency Judgment Act.” See also Atlas Finance Corp. v. Whitehead, La.App., 99 So.2d 481; Soileau v. Pitre, La.App., 79 So.2d 628; Liberal Finance Corp. v. Washington, La.App., 62 So.2d 545; Farmer v. Smith, La.App., 57 So.2d 778; Home Finance Service v. Wambley, La.App., 176 So. 415; Carr v. Lattier, La.App., 188 So.2d 465.
There is no mention of the reconven-tional demand in appellant’s Brief nor. is there any evidence in the record to substantiate any damages or award therefor.
We are, therefore, of the opinion that our Learned Brother below committed manifest error in awarding a deficiency judgment herein and that the same will have to be reversed.
It is therefore, ordered, adjudged and decreed that the judgment of the Lower Court be reversed, and judgment herein rendered in favor of defendants, rejecting plaintiff’s demand herein and dismissing this suit at their costs.
Reversed and rendered.