417 So.2d 900 (1982)
DOMINGUES MOTORS, INC., Plaintiff-Appellant,
v.
John A. LALONDE, Defendant-Appellee.
No. 82-112.
Court of Appeal of Louisiana, Third Circuit.
July 21, 1982.
*901 Gauthier & Cedars, Stanford B. Gauthier, II and Chester R. Cedars, Breaux Bridge, for plaintiff-appellant.
Charles N. Wooten, Ltd. by Linda G. Smith, Lafayette, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and CUTRER, JJ.
GUIDRY, Judge.
In this suit plaintiff-appellant (hereafter, Domingues) seeks a judgment against the defendant-appellee (hereafter, Lalonde) for the sum of $1,855.82 with interest and attorney's fees allegedly due under an agreement of continuing guaranty executed by Lalonde in favor of Domingues, dated July 25, 1978. Lalonde filed answer to Domingues' petition admitting execution of the agreement of continuing guaranty but denying all other allegations of plaintiff's petition and further responded by filing a motion for summary judgment. The trial court sustained Lalonde's motion for summary judgment and dismissed Domingues' suit. Domingues appeals.
The pleadings, affidavits etc., submitted in support of Lalonde's motion for summary judgment reflect the following material facts to be without dispute. On July 25, 1978, Deborah Lalonde purchased a 1978 Chevrolet automobile from Domingues for the sum of $8,576.13. A cash downpayment of $171.40 was made leaving a balance of $8,404.73 to be financed. On the aforesaid date Deborah Lalonde executed, as sole maker, a promissory note for the sum of $11,119.20, made payable to bearer in 48 monthly installments of $231.65. Because of the small downpayment, Domingues requested additional security. In compliance with this request Deborah Lalonde offered, and Domingues accepted, as further security, a continuing guaranty agreement from Deborah's father, John A. Lalonde, the defendant-appellee. The continuing guaranty *902 agreement, executed by Lalonde on July 25, 1978 provides in part as follows:
"In consideration of the making of the within contract by the seller therein, the undersigned does hereby guarantee to said seller, or any assignee of said contract, payment of all deferred payments as specified therein and covenants in default of payment of any installment or performance of any requirement thereof by buyer to pay full amount remaining unpaid upon demand. The liability of the undersigned shall not be affected by any settlement, extensions, variation of terms of the within contract effected with, or by the discharge or release of the obligation of the buyer or any other person interested, by operation of law or otherwise. Notice of acceptance of this guaranty, notices of non-payment and non-performance, notices of amount of indebtedness outstanding at any time, protests, demands, and prosecution of collection, foreclosure and possessory remedies, and the right to remove any legal action from the court originally acquiring jurisdiction, are hereby expressly waived."
The promissory note, chattel mortgage and surety agreement were assigned, with recourse, by Domingues to General Motors Acceptance Corporation (GMAC). On August 10, 1979, Deborah Lalonde instituted voluntary bankruptcy proceedings in the United States District Court for the Western District of Louisiana. In these proceedings, she sought a discharge from her debt incurred in the subject transaction. The balance due on the obligation at that time was $9,033.30. During the course of the bankruptcy proceeding, GMAC applied for and secured an order enabling it to foreclose on the mortgaged property. Subsequently, GMAC applied for and was granted an order in the bankruptcy matter allowing a sale of the mortgaged property to it in full satisfaction of GMAC's claim. On September 18, 1979, the trustee in bankruptcy, in the matter of Deborah A. Lalonde, Bankrupt No. B-79-1343-LO, sold, transferred and delivered unto GMAC all right, title and interest of the bankrupt in the mortgaged automobile in full satisfaction of GMAC's claim. Thereafter, GMAC negotiated the promissory note, chattel mortgage, surety agreement and automobile back to Domingues. Domingues then sold the vehicle at private sale for $5,200.00. Domingues then filed this suit seeking judgment against Lalonde under the terms of the continuing guaranty agreement, for the alleged balance owed after allowing credit for rebates of unearned interest and insurance premiums and the amount received at the private sale of the car. On October 15, 1979, the bankrupt, Deborah Lalonde, was discharged in bankruptcy.
The trial court did not assign written reasons in support of its judgment sustaining the motion for summary judgment.
Before this court, counsel for plaintiff-appellant has devoted his entire argument to the propositions that (1) the liability of a surety under a third party guaranty contract is unaffected by the principal debtor's discharge in bankruptcy; and, (2) a motion for summary judgment should be granted only if there is no genuine issue as to material fact and mover is entitled to judgment as a matter of law. Although we concede the correctness of these legal principles, we find that the judgment of the trial court does violence to neither.
Plaintiff-appellant has not pointed out in brief, or otherwise, any material factual issue which it considers to be in dispute but merely avers that "the contents of the record of this proceeding dictate that appellee is not entitled to a judgment as a matter of law". For the reasons which follow, we conclude that the record reflects no dispute as to any fact material to a determination that defendant-appellee is entitled, as a matter of law, to a judgment dismissing plaintiff-appellant's demand.
As aforestated, the record reflects as undisputed the fact that the mortgage creditor, GMAC, provoked a sale of the movable property, which secured the debt, to it, without the benefit of appraisement. It is immaterial that this occurred after the principal debtor had instituted voluntary bankruptcy proceedings, in that the sale of *903 the mortgage chattel, without benefit of appraisement, irrespective of the adjudication in bankruptcy, had the effect of barring absolutely any deficiency judgment against the principal debtor and her surety.
It is well settled law that a mortgage creditor is absolutely barred from a deficiency judgment against the principal debtor where he provokes a sale, judicial or private, without the benefit of appraisement. LSA-R.S. 13:4106, 4107; David Investment Co., Inc. v. Wright, 89 So.2d 442 (La.App. 1st Cir. 1956); Universal C.I.T. Credit Corp. v. Hulett, 151 So.2d 705 (La. App. 3rd Cir. 1963); Carr v. Lattier, 188 So.2d 645 (La.App. 2nd Cir. 1966).
This circumstance, i.e., sale, judicial or private, of mortgaged property without appraisement, likewise bars a deficiency judgment against the debtor's surety, notwithstanding the surety's contractual stipulation that his liability "shall not be affected... by the discharge or release of the (principal debtor) ..., by operation of law or otherwise". This was so held by our brethren of the Fourth Circuit in General Motors Acceptance Corporation v. Smith, 399 So.2d 1285 (La.App.1981). In speaking to the effect of this circumstance on the liability of a surety under a continuing guaranty agreement, identical to that involved in the instant case, Judge Redmann, the organ of the court in GMAC v. Smith, supra, stated:
"The public policy of R.S. 13:4106 is so strong and unwaivable that it prevents even a judgment by default for the "deficiency" in the absence of allegation and proof of sale with appraisal, Gumine v. Dupas, La.App. 4 Cir. 1964, 159 So.2d 377.
That public policy ordinarily discharges persons secondarily liable because the discharge of the person primarily liable releases one in the position of a surety, Simmons v. Clark, La.App. 1 Cir. 1953, 64 So.2d 520,3 or an indorser, Southland Inv. Co. v. Motor Sales Co., 1941, 198 La. 1028, 5 So.2d 324, unless the secondary obligor consented to the sale without appraisement, Southland above; Farmerville Bank v. Scheen, La.App. 2 Cir. 1954, 76 So.2d 581; Commercial Cr. Eq. Corp. v. Larry Parrott of Gueydan, La.App. 3 Cir. 1968, 212 So.2d 860, writ refused [252 La. 895] 214 So.2d 719 (see also Exchange Nat. Bank v. Spalitta, La.App. 4 Cir. 1974, 295 So.2d 18, rev'd on other grounds, La.1975, 321 So.2d 338).
Plaintiff argues in our case, however, that the surety's contractual agreement was that his liability "shall not be affected" by discharge of the debtor and that therefore, as in Louisiana Bank & T. Co.; Crowley v. Boutte, La.1975, 309 So.2d 274, the ordinary rule of law that the discharge of the debtor discharges the sureties, C.C. 2205, does not apply.
Our surety, unlike the sureties in Boutte, is not bound in solido with the debtor,4 but we will accept plaintiff's argument that Boutte might imply enforceability of his agreement that his liability is to be unaffected by discharge of the debtor. Yet plaintiff's argument concedes that Boutte, 309 So.2d at 278, n.7, preserves the surety's personal right to reimbursement from the debtor (apart from simple subrogation to the creditor's now-extinguished right). The consequence would thus be that the principal debtor would be liable to the surety if the creditor obtains a judgment against the surety.
That consequence is inconsistent with R.S. 13:4106 and -7. The debtor cannot himself waive the public policy of § 4106, and a surety cannot be allowed to waive it for the debtor, and the creditor cannot be allowed to defeat that public policy by the simple device of obliging the debtor to provide a surety who can then collect from the debtor. The provision of the surety's contract making his liability unaffected by the discharge of the debtor is inconsistent with the unwaivable public policy of R.S. 13:4106 and is therefore unenforceable ..."
(footnotes omitted)
We are in total agreement with the holding in General Motors Acceptance Corporation v. Smith, supra, and find the principles of law announced therein to be dispositive *904 of the issue presented in the instant case. Accordingly, we affirm the trial court's judgment without considering defendant-appellee's contention that under LSA-C.C. Article 3062, GMAC's voluntary acceptance of a return of the mortgaged property in payment of the principal debt operated to discharge defendant-appellee from all liability under the agreement of continuing guaranty.
AFFIRMED.